PER CURIAM.
This cause is before the court on respondent’s appeal from the peremptory writ of mandamus rendered by the trial court of Duval County in and for the Fourth Judicial Circuit of Florida.
We have heard argument of counsel, read and considered the briefs and record filed in this cause, and hold that the peremptory writ reviewed herein was erroneously issued and it is hereby quashed. A formal opinion setting forth this court’s views in the premises is in the process of preparation and will be filed at a subsequent date.
CARROLL, DONALD K., Acting C. J., RAWLS, J.', and VANN, HAROLD R., Associate Judge, concur.
FORMAL OPINION
PER CURIAM.
By this appeal, Appellant Slaughter challenges the propriety of a peremptory writ of mandamus directing him, as Clerk of the Circuit Court of the Fourth Judicial Circuit, to accept Appellee Harrell’s qualifying papers and Democratic Party assessment fee.
On January 13, 1971, David E. Harrell attempted to qualify as a Democratic candidate in the Party primary for the Jacksonville City Council.[1] The office staff of *127 the Duval County -Democratic Executive Committee refused to accept the Party assessment fee from Harrell, apparently for the reason that the Chairman of the Executive Committee, Harold Haimowitz, had issued a memorandum stating, inter alia:
“ * * * it is my understanding that David E. Harrell intends to qualify for the City Council in one of the district spots. He previously ran as a candidate for the State House of Representatives for the 24th District and at the time he qualified to be a candidate he signed the usual oath. Shortly after the first primary it came to my attention, and I personally witnessed his openly and publicly advocating the candidacy of Gene Lof-tin, a Republican candidate for the State House of Representatives in the 19th District, in violation of that oath. Consequently, it is my feeling that he should not be allowed to qualify as a candidate in the Democratic primaries.
“Accordingly, this memorandum is to direct you and all of the workers in the Democratic Executive Committee handling the qualifying to refuse to allow David E. Harrell to qualify in the coming primary. * * *” (Emphasis supplied.)
Harrell then attempted to qualify in the office of the Clerk of the Circuit Court and was refused by that office for the reason that he did not have a receipt for his Party assessment fee. The date of the deadline for qualifying was 12:00 Noon, Tuesday, January 19.
On Friday, January 15, Harrell filed a petition for writ of mandamus against Haimowitz, as Chairman of the Duval County Democratic Executive Committee, and S. Morgan Slaughter, as Clerk of the Circuit Court of the Fourth Judicial Circuit, wherein he prayed for a writ of mandamus directing Respondents to do all necessary things to permit him to qualify for the office he was seeking.
On Saturday, January 16, the trial court held a lengthy hearing at which time various amendments were made to the petition and motions to dismiss, to strike, etc. were argued. At one stage the court noted that “from a technical standpoint, this petition should be dismissed.”
At 5:30 p.m. the court granted Respondents’ motion to dismiss the amended petition with permission for .Petitioner to file an amended petition by 8:00 p.m., and directing response be filed by Respondents at that time. Upon reconvening and after considerable discussion concerning issuance of a rule, the court recessed the hearing until 8:00 a.m., Monday, January 18.
At the outset of the Monday hearing, Petitioner moved to amend the second amended petition for writ of mandamus instanter. Motions to dismiss were again filed and argued by respondents. As arguments were directed to specific allegations, Petitioner orally moved to amend, which motions were granted instanter by the court. At this stage the pleading before the court was, to say the least, speculative. Finally, the court dictated amendments to the petition in an effort to salvage the second amended petition which had been amended in numerous places during the hearing. The court issued an alternative writ of mandamus directed to Respondent Harold Haimowitz, Chairman of the Duval County Executive Committee, and S. Morgan Slaughter, Clerk of the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, returnable at 5:30 p.m. on the same day. The alternative writ was couched in the alternative; Hai-mowitz was directed to withdraw his memorandum of December 30th, and to allow Harrell to qualify as a candidate for Democratic nominee for the City Council, Consolidated City of Jacksonville, District 11, providing Harrell complied with all statutory requirements; and Slaughter was commanded to accept Harrell’s qualifying papers pursuant to Florida Statutes as a Democratic candidate. In the event the Duval County Executive Committee of the Democratic Party refused to accept payment of the Party assessment, Slaughter *128 was commanded to receive payment of same and hold same in the depository of his office for payment to the Executive Committee. Respondents were directed to file their return to the alternative writ at 7:30 a.m. the following morning and be prepared to present oral testimony at that time.
The court adjourned this hearing at 6:30 p.m. and reconvened at 7:30 the next morning, Tuesday, January 19. Respondent Slaughter dictated his return in the record and Respondent Haimowitz moved for a continuance on the ground that it had been impossible to properly prepare a return due to time limitations, which motion was denied. Testimony was taken, arguments made and the trial judge entered a peremptory writ of mandamus against Slaughter. The peremptory writ recited, inter alia:
“ * * * there having been no failure of the clerk shown, but due to time it is necessary to enter this writ directed to said clerk * * *”
and commanded the clerk to accept Harrell’s qualifying papers, and “to accept a Democratic Party assessment received from said David E. Harrell, and issue a receipt therefor to said David E. Harrell, you are further commanded to receive payment for said assessment for and on behalf of the Duval County Executive Committee of the Democratic Party and deposit same and hold same in the depository of your office for payment to the Duval County Executive Committee of the Democratic Party.”
The writ of mandamus originated at a time when, in theory, the King presided in person over the King’s Bench. It was a prerogative writ, issuing in the King’s name from that court. The writ can no longer be said to be a prerogative one. It is now an ordinary action at law between parties. It cannot be a prerogative writ under our form of government, for no court representing the sovereign power (like the court of the King’s Bench) issues it.[2]
Mandamus is a harsh and extraordinary remedy. It is available to enforce a legal right that has already been clearly established, but not to establish a legal right. The complaining party must show that he has a clear legal right to the performance of the particular duty sought to be enforced.[3] F.S. § 103.121(1) (g) F.S.A., provides in part:
“* * * The county executive committee shall have exclusive power to levy and receive payment of assessments upon candidates to be voted for in a single county * *
F.S. § 99.092(1) F.S.A. provides in part:
“A candidate for nomination for any office is required to pay to the officer with whom he qualified a filing fee and attach the original or signed duplicate of the receipt for his party assessment or pay the same, in accordance with the provisions of § 103.121, at the time of filing the sworn statement. * * *”
At approximately 6:30 p.m. on Monday, January 18, the trial court clearly stated the issue sought to be resolved, viz.:
“That the only real legal issue that I see before the Court is whether or not the Democratic Executive Committee and, in this case, operating through Harold Hai-mowitz as Chairman, has the right, a statutory right, to refuse to accept an assessment fee of anyone situated as Mr. Harrell seems to be situated from his amended petition for the alternative writ —that is, that he complies with all the pre-requisites set forth in the Florida Statutes * * *
“* * * the question boils down to whether it appears from the pleadings to the Court that the mere ministerial duty rests upon the Democratic Committee to accept the assessment * * * ”
*129 Though the court clearly outlined the issue as recited above, it somehow lost sight of the Respondent it charged with a ministerial duty. A cursory reading of the cited statutes in pari materia reveals the absence of a clear legal duty being imposed upon the Respondent Clerk to accept or receive the Party assessment fee. Assuming, but not accepting as correct, that Haimowitz, acting as Chairman of the Democratic Executive Committee, had failed to perform a ministerial duty owed Petitioner, then he was the sole Respondent to whom the peremptory writ could have been directed. That such was clearly the case is reflected in the verbiage of the writ issued, which stated, “ * * * there having been no failure of the clerk shown * * *”
In his zeal to accomplish Petitioner’s objective, the trial judge bypassed the alleged culprit, Haimowitz, and purported to endow Respondent Clerk with the powers and duties of the County Democratic Executive Committee. By attempting to accomplish an apparent equitable result, the trial judge issued a prerogative writ which has never been available to the judiciary of this Republic.
An extensive discussion of other errors is not warranted, save to observe that it is not the duty or function of a judge to frame the pleadings in a cause — such function is properly the responsibility of the advocates; a peremptory writ should basically follow the dictates of the alternative writ; an alternative writ should command with preciseness the ministerial act to be performed by the Respondent. We preter-mit any discussion as to whether the trial judge could have, within the framework of a mandamus action, issued a peremptory writ against Respondent Haimowitz. We do observe that the proceedings herein were highly irregular. Petitioner filed a complaint in mandamus on Friday afternoon; an amended complaint on Saturday morning, a second amended complaint on Saturday afternoon which was immediately amended “ore tenus”; on Monday the second amended complaint was again instanter amended ore tenus by Petitioner, and finally the trial judge dictated amendments to that pleading. Even with the record of the proceedings before us, it has been difficult to determine the contents of the amended, amended, amended, amended, amended complaint. Hearings were held late, during all hours of the day and night, in a desperate effort to resolve the issues prior to the “moot hour” of 12:00 Noon, Tuesday. Factual issues were drawn and testimony taken. We detail the foregoing events primarily to illustrate that the proceeding did not from the outset possess the character of a clear legal duty to be performed by a Respondent, or Respondents, as befits the proper office of the extraordinary remedy of mandamus.
Finally, it is obvious from the proceedings presented to the trial judge that a ‘¡squabble” had developed between Petitioner and the Chairman of his political party, and that any relief had to be obtained forthwith, or Petitioner would be denied a valued right. Rather than to be criticized, the trial judge is commended for trying to preserve this citizen’s right to have his grievance resolved. We observe that other judicial remedies were available to Petitioner but he elected to procure relief through the offices of a writ of mandamus. Since he elected the remedy, he is bound by the narrow relief offered therein under long established legal principles.
In view of Petitioner’s failure to demonstrate the existence of a clear legal duty imposed by statute upon the Respondent Clerk to accept Petitioner’s filing papers without the statutorily-required receipt from the Duval County Democratic Executive Committee, mandamus will not lie against said Respondent Clerk. •
Accordingly, the peremptory writ reviewed herein is quashed.
CARROLL, DONALD K., Acting C. J., RAWLS, J., and VANN, HAROLD R., Associate Judge, concur.

. Consolidated Charter of City of Jacksonville, § 17.04.

. Florida Common Law Practice, by Cran-dall.

. Sanitarians’ Registration Board v. Solomon, 148 So.2d 744 (Fla.App.lst 1963).