PER CURIAM.
The petition for alternative writ of mandamus seeks more to establish a legal right than to enforce a clear legal duty already established. Traditionally, such is not the proper function of the writ of mandamus. State ex rel. Long v. Carey, 1935, 121 Fla. 515, 164 So. 199; State ex rel. Topp v. Board of Electrical Examiners, Fla.App.1958, 101 So.2d 583; Slaughter v. State ex rel. Harrell, Fla.App.1971, 245 So. 2d 126. It further appears that relators have an adequate remedy under the Declaratory Judgment Act, Chapter 86, F.S. 1971 and it has been held that the writ will not issue when there is another adequate remedy available. See, e. g., Reese v. Golden, Fla.App.1968, 209 So.2d 490. Finally, it affirmatively appears that the legal duty which relators ask this court to command the respondents to perform is not a single act but rather a continuous and continuing series of acts which would require this court to exercise a continuous supervisory jurisdiction to insure that the acts were performed correctly. The writ is *403 not appropriate for this purpose. State ex rel. West v. Fla. Coast Line Canal & Transp. Co., 1917, 73 Fla. 1006, 75 So. 582. For these reasons severally, the petition for alternative writ of mandamus is denied, but without prejudice to the rights of the relators to seek, in an appropriate proceeding, an adjudication upon the question of whether the respondents have a legal duty to enter into bilateral collective bargaining negotiations with relators.
CROSS, OWEN and MAGER, JJ., concur.