339 So.2d 694 (1976)
STATE of Florida, Appellant,
v.
Charlotte GAMBLE, As Legal Guardian of Cynthia Gamble, a Minor, Appellee.
No. 76-573.
District Court of Appeal of Florida, Second District.
November 19, 1976.
Rehearing Denied December 16, 1976.
*695 Robert L. Shevin, Atty. Gen., Tallahassee, C. Marie King, Asst. Atty. Gen., Tampa, for appellant.
Ted L. Wells, Tampa, for appellee.
PER CURIAM.
The state appeals from a final order issuing a peremptory writ of mandamus. We reverse.
Appellee Charlotte Gamble, acting as legal guardian of Cynthia Gamble, filed a motion in the Juvenile and Domestic Relations Division of the Circuit Court for an order allowing inspection of court records and records of the Division of Family Services. The court allowed inspection of the court file by appellee's counsel but denied the motion as to the other records on the grounds it lacked jurisdiction over the records of the Division of Family Services. Appellee then petitioned for writ of mandamus.
In the petition she alleged that state agencies had refused to make available records that would enable her counsel to obtain information on injuries suffered by Cynthia while she was in custody of the court and the Division of Family Services. It was alleged that Sections 39.12(3) and 828.041(7), Florida Statutes (1973), required disclosure of the records to her counsel and allowed the Department of Health and Rehabilitative Services no discretion to deny access to the records. An alternative writ of mandamus issued.
The state filed a motion to quash the alternative writ and filed a return. Following a hearing the trial court found appellee was entitled to the issuance of a peremptory writ of mandamus; whereupon, a peremptory writ was issued ordering that the appellant produce all records pertaining to the placement and care of Cynthia Gamble and any injuries received by her while she was in the custody of the courts and the Department of Health and Rehabilitative Services. This appeal ensued.
We are regretfully compelled to say that while there may be other avenues open to appellee to secure the subject matter of the contents of the records, mandamus is not the appropriate remedy.[1] A writ of mandamus is used to enforce a clear legal right to the performance of clear legal duty rather than to establish such a right. Fasenmyer v. Wainwright, 230 So.2d 129 (Fla. 1969); State ex rel. Smith v. City of Margate, 155 So.2d 165 (Fla. 2d DCA 1963).
In her petition, appellee failed to establish the existence of a clear legal duty on behalf of appellant to disclose the records to her. She relied on two statutes: Sections 39.12(3) and 828.041(7), Florida Statutes (1973). Section 39.12(3) requires the disclosure of juvenile court records to the child involved, his parents or guardians, and their attorneys. These records were apparently already ordered disclosed by the Juvenile Court's order. Section 828.041(7),[2] Florida Statutes (1973), provided for disclosure to certain other persons of reports of child abuse recorded pursuant to subsection (4) of that section,[3] but it did not provide for disclosure of the reports to the abused child's guardian or counsel. In view of *696 appellee's failure to demonstrate the existence of a clear legal duty imposed by statute upon appellant, mandamus will not lie against appellant.
Accordingly, the writ of mandamus is quashed.
McNULTY, C.J., and BOARDMAN and SCHEB, JJ., concur.
NOTES
[1] See Heath v. Becktell, 327 So.2d 3 (Fla. 1976).
[2] The section was amended and renumbered Section 827.07(7), Fla. Stat. (1975).
[3] Now Section 827.07(4), Fla. Stat. (1975).