399 So.2d 1019 (1981)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Paul F. HARTSFIELD, as Clerk of the Circuit Court of Leon County, Florida, Appellee.
No. WW-371.
District Court of Appeal of Florida, First District.
May 29, 1981.
Rehearing Denied July 7, 1981.
*1020 Joseph R. Boyd and W. Crit Smith of Boyd, Harris, & Smith, Tallahassee, and Chriss Walker of the Dept. of Health and Rehabilitative Services, Tallahassee, for appellant.
F. Phillip Blank of Tucker & Blank, Tallahassee, for appellee.
PER CURIAM.
Appellants, Department of Health and Rehabilitative Services (HRS) petitioned for mandamus in the circuit court to compel the clerk of the circuit court to provide to HRS without charge "all necessary services ... including the issuance of photographic copies of necessary court records, relating to civil actions" in child support and paternity proceedings under Chapter 409, Florida Statutes (1979). The circuit court denied the petition for writ of mandamus and this appeal followed. We affirm.
Section 409.2571(1), Florida Statutes (1979) provides that HRS or its agents "shall be entitled to the necessary services of the clerk ... in any proceeding under this act; ... and no fees for such court, clerk or sheriff's services shall be charged against the department." (e.s.)
This statute requires the clerk to provide all "necessary services" to HRS without charge. From the record, we are unable to determine exactly what services the clerk is declining to provide. The petition speaks of "necessary court records" and "photographic copies" but appellant never explains exactly what court records are necessary and under what circumstances they are necessary. We are, therefore, not in a position to determine whether or not "necessary services" are being refused by the clerk.
In order to show entitlement to the extraordinary writ of mandamus, the petitioner must demonstrate a clear legal right on his part, an indisputable legal duty on the part of respondents, and that no other adequate remedy exists. State ex rel. Eichenbaum v. Cochran, 114 So.2d 797 (Fla. 1959). State ex rel. Blatt v. Panelfab International Corp., 314 So.2d 196 (Fla.3d DCA 1975). Mandamus is available to enforce an established legal right but not to establish that right. Slaughter v. State ex rel. Harrell, 245 So.2d 126 (Fla. 1st DCA 1971). State v. Gamble, 339 So.2d 694 (Fla.2d DCA 1976).
While we do not necessarily agree with the trial court's conclusion that the clerk's duties are divisible into those performed as clerk of the circuit court and those performed as county recorder, we need not consider that determination as we conclude that appellant has failed to show a clear entitlement to a writ of mandamus.
Accordingly the judgment below is affirmed.
ROBERT P. SMITH, Jr., LARRY G. SMITH and JOANOS, JJ., concur.