674 So.2d 789 (1996)
The TOWN OF MANALAPAN Appellant,
v.
Morton RECHLER and Beverly Rechler, his wife, Appellees.
No. 95-0503.
District Court of Appeal of Florida, Fourth District.
May 1, 1996.
Rehearing Denied June 17, 1996.
John Beranek of Macfarlane Ausley Ferguson & McMullen, Tallahassee, James McCartney Wearn of James McCartney *790 Wearn, P.A., West Palm Beach, and Michael R. Piper, for Appellant.
Daniel S. Rosenbaum and Karen E. Roselli of Becker & Poliakoff, P.A., West Palm Beach, for Appellees.
POLEN, Judge.
The Town of Manalapan (Town) appeals a Writ of Mandamus ordering Town to process all public records requests submitted by appellees Morton & Beverly Rechler (Rechlers) in strict accordance with the requirements of section 119.07, Florida Statutes (1993), the Florida Public Records Act. We affirm the trial court's order granting the Writ of Mandamus, but sua sponte strike that portion of the last sentence of the writ in which the trial court retains jurisdiction to oversee the continued enforcement of the writ.
Prior to the commencement of the present suit, the Rechlers were involved in litigation with a third party. As part of that suit, the Rechlers made several requests for public information from Town under Chapter 119.07(1). Allegedly, the Town unreasonably delayed the production of these documents, which gave rise to this request for mandamus.
A two day, non-jury trial was held on the Rechlers' petition for mandamus. The trial court found the Town had engaged in a pattern of delay when providing the requested material. Additionally, the court found the delays excessive and unreasonable and ordered Town to process all public records requests in strict accordance with Chapter 119.
The last sentence of the trial court's order states:
ORDERED AND ADJUDGED that the Court retains jurisdiction of this case to enforce this Writ of Mandamus, and to determine all issues relative to attorneys' fees and costs.
While mandamus is an appropriate remedy to compel the performance of ministerial duties devolved by law on public officers, it will not lie where continued judicial supervision is required. Mandamus is defined as a remedy to command performance of a ministerial act that the person deprived has a right to demand, or a remedy where public officials or agencies may be coerced to perform ministerial duties that they have a clear legal duty to perform. Miami v. State, 164 So.2d 26 (Fla. 3d DCA 1964); City of Coral Gables v. State ex rel. Worley, 44 So.2d 298 (Fla.1950). A duty or act is defined as ministerial when there is no room for the exercise of discretion, and the performance being required is directed by law. Solomon v. Sanitarians' Registration Bd., 155 So.2d 353 (Fla.1963).
Mandamus, however, will not lie to prevent a future harm. Daniels v. Bryson, 548 So.2d 679 (Fla. 3d DCA 1989). In Daniels the court held:
Injunctive relief would be appropriate, we believe, where there is a demonstrated pattern of noncompliance with the Public Records Law, together with a showing of likelihood of future violations. Mandamus would not be an adequate remedy, as the writ will not lie to prevent future harm. State ex rel. Fraternal Order of Police v. City of Orlando, 269 So.2d 402 (Fla. 4th DCA 1972).
548 So.2d at 680-81. In Orlando, this court stated that where the petitioner asks the court to perform not a single act, but rather a continuous supervisory jurisdiction to ensure that the acts requested are performed correctly, mandamus is inappropriate. Orlando, at 402-03.
At bar, mandamus was an appropriate remedy to compel the timely production of public records request under Chapter 119. The production of public records requests is ministerial, as it is a duty imposed by Chapter 119. Additionally, the Rechlers have a legally vested right to the production of those documents, and their production is nondiscretionary.
The trial court's order retaining jurisdiction for enforcement, however, was inappropriate. Mandamus is a one time order by the court to force public officials to perform their legally designated employment duties. This court's decision in Orlando makes it clear that once the order is issued, court involvement has ended and the court *791 will not supervise the application of the order. We, therefore, sua sponte strike the trial court's continuing jurisdiction to oversee the enforcement of the writ. Our disposition does not limit the trial court's jurisdiction to award attorney's fees and costs.
AFFIRMED.
GLICKSTEIN and KLEIN, JJ., concur.