680 So.2d 628 (1996)
Phillip J. SHEA, Appellant,
v.
Sheriff Ron COCHRAN and Broward County Sheriffs Office, Appellees.
No. 95-2306.
District Court of Appeal of Florida, Fourth District.
October 16, 1996.
*629 Phillip J. Shea, Punta Gorda, pro se.
Ronald R. Torres of Whitelock, Rodriguez & Williams, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
We affirm the trial court's dismissal of appellant's request for issuance of a writ of mandamus against the Sheriff of Broward County because the pleading did not demonstrate a prima facie case for mandamus relief. See Fla.R.Civ.P. 1.630(d).
Mandamus is an appropriate remedy to compel the performance of a ministerial act that an agency has the clear legal duty to perform. See Town of Manalapan v. Rechler, 674 So.2d 789, 790 (Fla. 4th DCA 1996). "A duty or act is defined as ministerial when there is no room for the exercise of discretion, and the performance being required is directed by law." Id.
Based on the factual allegations of appellant's pleading, mandamus was an inappropriate remedy because the Sheriff provided a specific reason for refusing to comply with appellant's records request, claiming the records were part of an ongoing criminal investigation. Cf. Rechler, 674 So.2d 789 (Fla. 4th DCA 1996); Quigley v. Satz, 596 So.2d 753 (Fla. 4th DCA 1992).
Appellant has an adequate legal remedy for expeditiously obtaining relief pursuant to the Public Records Act, section 119.11, Florida Statutes (1995). Section 119.11 provides for an accelerated hearing so that the trial court can determine whether or not the agency properly refused to produce the record, but appellant must first serve a complaint on the appropriate agency. Neither the trial court's order, which dismissed appellant's petition without prejudice, nor this court's opinion prevent appellant from pursuing his request pursuant to these provisions of the Public Records Act.
WARNER, PARIENTE and STEVENSON, JJ., concur.