SCHACK, LARRY, Associate Judge.
We affirm the order of the trial court dismissing count III of the amended complaint with prejudice. We write to briefly discuss two issues.
Count III of the amended complaint sought to compel the appellee, the City of Boynton Beach (the “City”), to inspect certain property and enforce its land development regulations against a private property owner. We agree with the trial court’s determination that mandamus is not available to compel such action. See Trianon Park Condominium Ass’n v. City of Hialeah, 468 So.2d 912 (Fla.1985) (the enforcement of the law by regulatory officials such as building inspectors is discretionary); Centrust Sav. Bank v. City of Miami, 491 So.2d 576 (Fla. 3rd DCA 1986) (mandamus is not available to compel a governmental entity or official to inspect property for building or zoning violations).
The appellant contends that the trial court mischaracterized the contents of count III and failed to recognize that it also sought mandamus relief to compel the City to hear the appellant’s zoning appeals. The amended complaint is very difficult to analyze. Counsel began count III by incorporating all of the preceding 57 paragraphs in the complaint. As a result, count III contains counts I and II, thus inserting a multitude of paragraphs not relevant to the claim raised in count III. Further, due to that method of pleading, count III contains many paragraphs that are duplicitous. That style of pleading has *1213 been condemned. See Gerentine v. Coastal Sec. Sys., 529 So.2d 1191 (Fla. 5th DCA 1988).[1]
The appellant is correct to the extent that a single phrase in the wherefore clause in count III sought a writ of mandamus to “require the City of Boynton Beach to hear and consider Plaintiffs appeals.” The pleading, however, does not sufficiently allege the claim. In order for a court to issue a writ of mandamus, a plaintiff must establish “that he has a clear legal right to the performance of a clear legal duty by a public officer and that he has no other legal remedies available to him.” Hatten v. State, 561 So.2d 562, 563 (Fla.1990). Further, “[m]andamus is defined as a remedy to command performance of a ministerial act that the person deprived has a right to demand, or a remedy where public officials or agencies may be coerced to perform ministerial duties that they have a clear legal duty to perform.” Town of Manalapan v. Rechler, 674 So.2d 789, 790 (Fla. 4th DCA 1996). “A duty or act is defined as ministerial when there is no room for the exercise of discretion, and the performance being required is directed by law.” Id.
Florida Rule of Civil Procedure 1.110(b)(2) requires that a pleading contain, “a short and plain statement of the ultimate facts showing that the pleader is entitled to relief.” Id. To state a cause of action for mandamus relief, the complaint must allege that: the City has a clear legal duty to perform a ministerial act; RHS has a clear legal right to have the duty performed; and RHS does not have another legal remedy available. RHS has not alleged that the City has a legal duty to hear its appeals nor that the duty is ministerial. Further, RHS has failed to allege any entitlement to the City’s performance of such a duty. The appellant having failed to properly allege the cause of action, dismissal was appropriate.[2] The order is AFFIRMED.
GROSS and TAYLOR, JJ., concur.

. The court in Gerentine when faced with the same method of pleading addressed it as follows:
The trial court also found that the second amended complaint in its entirety, violated the rules of pleading as set forth in section 1.110(b), Florida Rules of Civil Procedure, in that each count, not only incorporated by reference the preliminary allegations of the complaint, but also incorporated by reference all the allegations of each preceding count. By the time a defendant reached the sixth count of the complaint, he would find himself faced with 72 previous paragraphs, many with numerous subdivisions, replete with evidentiary facts and together forming a total morass which would make it difficult if not impossible to respond to. The First District properly criticized such procedure in Chaires v. North Florida National Bank, 432 So.2d 183 (Fla. 1st DCA 1983) when it said:
Finally, we feel constrained to address a pleading practice followed by some practitioners which practice compounds the problems of the trial court and opposing counsel in sorting out the various causes of action asserted in multi-count complaints. The complaints which preceded the "Third Amended Complaint” were drafted in such a manner that each succeeding count incorporated by reference not only the paragraphs contained in the complaint's preliminary allegations but also all of the paragraphs contained in each of the preceding counts. Such is improper. By the time the beleaguered reader gets to the fifth count, he is having to cope with presumably five causes of action asserted in one count. This practice is an unnecessary hindrance to trial courts’ efforts to determine the facial validity of the various causes being asserted and serves only to confuse and delay.
Gerentine, 529 So.2d at 1194 (citation omitted).

. We recognize that "[a] dismissal with prejudice should not be ordered without giving the party offering the defective pleading an opportunity to amend unless it is clear that the pleading cannot be amended so as to state a *1214 cause of action.” Balcar v. Ramos, 595 So.2d 308, 308 (Fla. 4th DCA 1992) (quoting Delia & Wilson, Inc. v. Wilson, 448 So.2d 621, 622 (Fla. 4th DCA 1984)). That issue was not raised on appeal, and had it been, "we note that we would not have been able to address the claim because the record does not disclose that the [appellant] ever requested the opportunity to amend, and thus, the issue was not preserved for appellate review.” Jelenc v. Draper, 678 So.2d 917, 918 n. 1 (Fla. 5th DCA 1996).