798 So.2d 799 (2001)
M. Ross SHULMISTER, as Chairman of, and on behalf of the Mayor-at-Large Initiative Committee, Appellant,
v.
CITY OF POMPANO BEACH, a Florida municipality, and Miriam Oliphant, as Broward County Supervisor of Elections, and Reuben Glickman, Appellees.
No. 4D00-3742.
District Court of Appeal of Florida, Fourth District.
October 24, 2001.
Rehearing Denied November 28, 2001.
*800 M. Ross Shulmister of Law Offices of M. Ross Shulmister, Pompano Beach, pro se.
Charles L. Curtis of Doumar, Allsworth, Curtis, Cross, Laystrom, Perloff, Voight, Wachs & Maclver, Fort Lauderdale, for appellee-City of Pompano Beach.
Samuel S. Goren and Michael D. Cirullo, Jr. of Josias, Goren, Cherof, Doody & Ezrol, P.A., Fort Lauderdale, for appellee-Miriam Oliphant.
WARNER, J.
The issue presented in this appeal is whether a governing body of a municipality has the responsibility to prepare a proper ballot summary for placing a charter amendment proposed by petition of the registered voters on the ballot. We hold that because section 166.031(1), Florida Statutes (2000), requires the governing body to place the proposed amendment on the ballot, it is that body's responsibility to provide a ballot summary in compliance with section 101.161(1).
Appellant, as chairman of the Mayor-at-Large Initiative Committee, circulated an initiative petition for an amendment to the Pompano Beach City Charter. The proposal contained a summary, which stated:
Shall the Pompano Beach City Charter be amended to provide in gender-neutral language that the City Commission be composed of a mayor elected at large by *801 all electors of the City of Pompano Beach for three (3) year terms, and four commissioners representing four geographically compact districts, each elected by electors in the respective districts, for staggered terms of two (2) years; provide for the filling of vacancies; and provide for a transition; all commencing before the municipal election of March 1999?
Appellant obtained the requisite number of signatures of duly registered voters and submitted the proposal to the Pompano Beach City Clerk, who in turn took the necessary steps to verify the signatures.
Thereafter, appellant sought to require the City of Pompano Beach to place the proposal on the November 1998 ballot by filing suit. The trial court approved the constitutionality of the proposal but did not require the City to place it on the 1998 ballot. Instead, either a special election or placement on the November 2000 ballot was approved.
In February 2000, the City Commission passed a resolution to include the proposal on the November 2000 ballot, adopting the proposal's ballot summary verbatim. This included the phrase "all commencing before the municipal election of March 1999." Without this phrase, the ballot summary would be less than 75 words. The City Commission then passed another resolution in June of 2000 urging the Broward County supervisor of elections to refuse to place the proposal on any ballot because it contained a ballot summary in excess of 75 words, a violation of section 101.161(1), Florida Statutes (2000).
Appellant then petitioned for a writ of mandamus and injunctive relief to prohibit the removal of the proposal from the November 2000 ballot. He requested that the court either delete the now obsolete language "all commencing before the municipal election of March 1999" or otherwise place the proposal before the voters in a timely manner as the court directed.
After a hearing, the court ruled that the ballot summary was defective under section 101.161(1) because it contained more than 75 words. Because it believed that neither the City nor the court had the authority under Florida law to delete the extraneous language so that the summary would comply with the statute, the trial court entered final summary judgment for the City.
Appellant's petition for a charter amendment was required to comply with section 166.031(1), which provides:
The governing body of a municipality may, by ordinance, or the electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal election, submit to the electors of said municipality a proposed amendment to its charter.... The governing body of the municipality shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose.
Because appellant's proposal met the above requirements, the City was required to put the amendment to a vote of the electors. When such proposals are submitted to the voters at an election, section 101.161 governs the requirements for placing the proposal on the ballot. That section provides:
(1) Whenever a constitutional amendment or other public measure is submitted to the vote of the people, the substance of such amendment or other public measure shall be printed in clear and unambiguous language on the ballot.... The wording of the substance of the amendment or other *802 public measure and the ballot title to appear on the ballot shall be embodied in the joint resolution, constitutional revision commission proposal, constitutional convention proposal, taxation and budget reform commission proposal, or enabling resolution or ordinance. Except for amendments and ballot language proposed by joint resolution, the substance of the amendment or other public measure shall be an explanatory statement, not exceeding 75 words in length, of the chief purpose of the measure....
(2) The substance and ballot title of a constitutional amendment proposed by initiative shall be prepared by the sponsor and approved by the Secretary of State in accordance with rules adopted pursuant to s. 120.54. The Department of State shall give each proposed constitutional amendment a designating number for convenient reference.... The Department of State shall furnish the designating number, the ballot title, and the substance of each amendment to the supervisor of elections of each county in which such amendment is to be voted on.
§ 101.161, Fla. Stat. (emphasis added).
"It is well settled that where a statute is clear and unambiguous, as it is here, a court will not look behind the statute's plain language for legislative intent. A statute's plain and ordinary meaning must be given effect unless to do so would lead to an unreasonable and ridiculous result." City of Miami Beach v. Galbut, 626 So.2d 192, 193 (Fla.1993) (citations omitted). Here, the two statutes plainly require the City to write the ballot summary.
After appellant submitted the proposed amendment petition, signed by the duly authenticated signatures of 10% of the registered voters, the City Commission was required to place the proposal to the voters at the next election. See § 166.031(1), Fla. Stat. Pursuant to section 101.161(1), the substance of that public measure shall be placed on the ballot, and the wording of the substance shall be contained in the resolution and must not exceed 75 words. Because it is the City Commission's responsibility to pass the ordinance containing the wording of the substance of the amendment, it must also comply with the word limitation in order to place the proposal on the ballot. While the City contends that it is the sponsor which must submit the ballot language, section 101.161 only places that responsibility on the sponsor of proposed constitutional amendments by initiative. See § 101.161(2), Fla. Stat.
The City also argues that the petition was required to contain a summary not exceeding 75 words. However, there is no law imposing a requirement that a citizen petition contain a ballot summary. The legislature could have included that requirement in section 166.031(1), but it did not. This court cannot add such a requirement to the statute.
The City had the responsibility of providing a ballot summary in its enabling resolution which complied with the statute. "Mandamus is an appropriate remedy to compel the performance of a ministerial act that an agency has a clear legal duty to perform. `A duty or act is defined as ministerial when there is no room for the exercise of discretion, and the performance being required is directed by law.'" Shea v. Cochran, 680 So.2d 628, 629 (Fla. 4th DCA 1996) (quoting Town of Manalapan v. Rechler, 674 So.2d 789, 790 (Fla. 4th DCA 1996)). The City failed to comply with its legal duty to prepare a ballot summary in accordance with section 101.161(1). The trial court erred in denying the petition for writ of mandamus.
We therefore reverse and remand to the trial court with directions to order the City *803 to pass a resolution to place the proposed amendment on the ballot with a ballot summary which complies with section 101.161(1).
DELL and TAYLOR, JJ., concur.