KLEIN, J.
Petitioner Miller leased, with an option to buy, a furnished residence, for two years at a monthly rate of $4,500. Miller alleges that it was agreed that, if the option to buy were exercised, it would include the furniture, and that $500 of the monthly lease payment was to be applied to the furnishings.
When the two years were almost up and Miller attempted to exercise his option to purchase, he was unable to obtain financing and moved out, taking some of the furnishings with him. He apparently assumed he had, through part of the lease payment, purchased this furniture.
The lessor, Pollack, caused criminal charges to be filed against Miller for taking the furnishings and, pursuant to a search warrant, the furniture was removed *428 by the sheriff from Miller’s new residence. After being photographed, the sheriff released it to Pollack. Pollack also filed replevin proceedings.
Miller seeks a writ of mandamus, arguing that the sheriff had no legal authority to give the furniture taken pursuant to the search warrant to Pollack. He argues that, through the use of this process, Pollack has been able to do an end run around the requirement that one who obtains a prejudgement writ of replevin must post a bond. § 78.068(3), Fla. Stat. (2001).
The sheriff argues that he was authorized to return this property to the owner under section 90.91, Florida Statutes, which authorizes the sheriff “in any prosecution for a crime involving the wrongful taking of property,” to photograph the property and return it to the “owner from whom the property was taken.” This statute allows photographs of property wrongfully taken to be introduced into evidence “to the same extent as if such property were introduced as evidence.” The furniture and other household items were photographed and videotaped, and Pollack signed an agreement that he would not dispose of the property until disposition of the criminal case.
Miller has been charged with wrongfully taking this property from Pollack, and section 90.91 therefore applies. Because the ownership of property taken under these circumstances will often be in dispute, the statute contemplates that the law enforcement agency will be making a judgment call as to who is the owner, pending the outcome of legal proceedings.
We therefore conclude that petitioner has not demonstrated error, let alone grounds for mandamus, which is a remedy to compel the performance of a ministerial act which the respondent has a clear legal duty to perform. Shea v. Cochran, 680 So.2d 628 (Fla. 4th DCA 1996). We accordingly deny the petition.
POLEN, C.J., and HAZOURI, J., concur.