HAZOURI, J.
M. Ross Shulmister, as Chairman of, and on behalf of the Mayor-At-Large Initiative Committee (Committee), appeals a Final Judgment of Injunctive Relief permanently enjoining implementation of a proposed amendment to the Pompano Beach City Charter on the basis that the proposed amendment violates a single-subject provision contained in the city charter. We reverse the trial court and hold that the single-subject provision located in the city charter does not apply to amendments proposed by the electorate through an initiative petition.
The Initiative Petition containing the proposed amendment was circulated by the Committee pursuant to section 166.031(1), Florida Statutes (1997). Section 166.031(1) provides in relevant part:
The governing body of a municipality may, by ordinance, or the electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, submit to the electors of said municipality a proposed amendment to its charter-(emphasis added).
The Petition received the requisite number of signatures of registered voters and was filed with the Pompano Beach City Clerk on August 31,1998. The proposed amendment was placed on the November 5, 2001 general election ballot and passed.[1] However, in January 2002, prior to the City Commission officially adopting the amendment, Appellees, nine residents of the City of Pompano Beach, filed an Amended *1151 Sworn Complaint for Injunction and Declaratory Judgment. The trial court reviewed the proposed amendment and determined that it violated the single-subject provision located in the city charter. The trial court entered a Final Judgment of Injunctive Relief permanently enjoining implementation of the proposed amendment.
The single-subject provision that the trial court relied on is located in section 22 of the city charter, which states in relevant part: “Every proposed ordinance or resolution shall be introduced in written or printed form and shall not contain more than one subject....”
Section 22 by its clear language applies only to ordinances and resolutions.[2] It does not include petitions. The trial court determined that section 22, when read in conjunction with other provisions of the city charter, created an ambiguity which was open to construction. The trial court reasoned that the omission of petitions from section 22 was inadvertent. We disagree. The language in section 22 is plain and obvious. Therefore, we are precluded from construing it in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications. See Donato v. Am. Tel. & Tel. Co., 767 So.2d 1146, 1150 (Fla.2000). If the Commissioners had intended to include petitions in section 22, they could have done so by clear language.
Neither the Florida Constitution nor Florida Statutes applies the single-subject rule to proposed amendments to county or city charters. See Charter Review Comm’n of Orange County v. Scott, 647 So.2d 835 (Fla.1994). Therefore, any limitation must be found within the city charter itself. The city charter on its face does not apply a single-subject limitation to initiative petitions.
REVERSED.
WARNER and GROSS, JJ., concur.

. The delay in placing the proposed amendment on the ballot was due to a suit between Shulmister and the City of Pompano Beach. The issues in that case were eventually resolved by this court in Shulmister v. City of Pompano Beach, 798 So.2d 799 (Fla. 4th DCA 2001), review denied, 821 So.2d 293 (Fla.2002).

. Section 166.041(l)(a), Florida Statutes (1997) defines 'ordinance' as "an official legislative action of a governing body, which action is a regulation of a general and permanent nature and enforceable as a local law." Section 166.041(l)(b) defines 'resolution' as “an expression of a governing body concerning matters of administration, an expression of a temporary character, or a provision for the disposition of a particular item of the administrative business of the governing body."