CLARK, J.
Frank James, a state prisoner, appeals the circuit court’s dismissal of his complaint [1] for writ of mandamus. The circuit court found that Appellant had failed to state a cause of action for the writ of mandamus because: 1) the complaint failed to allege or show that Appellant had exhausted his administrative and other remedies; and 2) the allegations of fact were insufficient and the relief requested inappropriate to state a claim for mandamus relief. The order of the circuit court is affirmed.
While the order dismissing the complaint did not state that the dismissal was with prejudice, “[a] dismissal need not be with prejudice to be a final order for appeal purposes.” Gries Inv. Co. v. Chelton, 388 So.2d 1281, 1283 (Fla. 3d DCA 1980) (where dismissal deemed an adjudication on the merits by rule 1.420(b), Fla. R. Civ. P., it was final appealable order); see also Palm AFC Holdings, Inc. v. Minto Cmtys., Inc., 766 So.2d 436 (Fla. 4th DCA 2000) (dismissing complaint for failure to state cause of action was adjudication on merits pursuant to rule 1.420(b) and thus final for purposes of appeal). Amendment of the pro se complaint for the extraordinary writ is not contemplated. Appellate courts have generally allowed direct review of an order dismissing a complaint seeking a writ of mandamus. Walker v. Ellis, 989 So.2d 1250 (Fla. 1st *898 DCA 2008). Because the issue of whether a complaint is sufficient to state a cause of action is a question of law, the appellate court reviews such orders under the de novo standard of review. Barnett v. Antonacci, 122 So.3d 400 (Fla. 4th DCA 2013); Chandler v. City of Sanford, 121 So.3d 657, 658 (Fla. 5th DCA 2013).[2]
Examining the complaint for writ of mandamus de novo, the allegations are insufficient to state a cause of action for the extraordinary writ of mandamus and dismissal was proper. The paragraphs of unnumbered sentences in narrative form do not specify dates, particular incidents, or specific actions to be compelled. Mr. James alleged generally that numerous prison employees violated section 944.14, Florida Statutes, and rules 33-103.017 and 33-602.220(3)(d), Florida Administrative Code. He complained of unpleasant and offensive treatment he suffered at the hands of prison staff and voiced his suspicion that his inmate grievance requests were not being properly processed. He sought the writ of mandamus to compel Department employees and officials to “stop obstructing his access to the grievance process” and “for this court to supervise the Defendant(s) compliance with the agency rules by court order until the set time by this court has expired.” He did not further specify any particular ministerial action or service from corrections officials to which he deemed himself entitled.
The complaint does not contain “a short and plain statement of the ultimate facts showing that the pleader is entitled to relief,” as required by rule 1.110(b)(2), Florida Rules of Civil Procedure. The absence of discreet averments of fact (dates, incidents), numbered or otherwise, precludes the individual responses (admit, deny, or statement that Department is “without knowledge”) required for an answer under rule 1.110(c), Florida Rules of Civil Procedure.
In addition, the complaint failed to contain an appropriate “demand for judgment for the relief to which the pleader deems himself or herself entitled.” Fla. R. Civ. P. 1.110(b)(3). The writ of mandamus is intended to accomplish certain limited functions and not to redress every grievance or disagreement. Eichelberger v. Brueckheimer, 613 So.2d 1372 (Fla. 2d DCA 1993). Relief via the extraordinary writ of mandamus is available only where the pleader asserts “a clear legal right to the performance of a clear legal duty by a public officer and that he has no other legal remedies available to him.” Rhea v. Dist. Bd. of Trs. of Santa Fe Coll., 109 So.3d 851, 855 (Fla. 1st DCA 2013). Appellant conceded that he did not seek any specific enforcement of a particular rule or statute, but generally sought to compel the Department of Corrections to comply with “the law” regarding his treatment by corrections officers and the handling of his inmate grievances. Appellant did not request that the circuit court compel the Department to take a specific action regarding any particular grievance he submitted or to change a particular aspect of his prison conditions. He also failed to allege that he had no other remedy available and in fact complained that his civil rights action in federal court did not yield satisfactory results.
In RHS Corp. v. City of Boynton Beach, 736 So.2d 1211 (Fla. 4th DCA 1999), the plaintiff sought a writ of mandamus to “require the City of Boynton Beach to hear and consider Plaintiffs appeals.”
*899 The general request was not sufficient to allege a claim for mandamus relief. The court explained:
In order for a court to issue a writ of mandamus, a plaintiff must establish “that he has a clear legal right to the performance of a clear legal duty by a public officer and that he has no other legal remedies available to him.” Hatten v. State, 561 So.2d 562, 563 (Fla.1990). Further, “[m]andamus is defined as a remedy to command performance of a ministerial act that the person deprived has a right to demand, or a remedy where public officials or agencies may be coerced to perform ministerial duties that they have a clear legal duty to perform.” Town of Manalapan v. Rechler, 674 So.2d 789, 790 (Fla. 4th DCA 1996). “A duty or act is defined as ministerial when there is no room for the exercise of discretion, and the performance being required is directed by law.” Id.
Florida Rule of Civil Procedure 1.110(b)(2) requires that a pleading contain, “a short and plain statement of the ultimate facts showing that the pleader is entitled to relief.” Id. To state a cause of action for mandamus relief, the complaint must allege that: the City has a clear legal duty to perform a ministerial act; RHS has a clear legal right to have the duty performed; and RHS does not have another legal remedy available. RHS has not alleged that the City has a legal duty to hear its appeals nor that the duty is ministerial. Further, RHS has failed to allege any entitlement to the City’s performance of such a duty. The appellant having failed to properly allege the cause of action, dismissal was appropriate.
RHS Corp., 736 So.2d at 1213. Similarly, the complaint in this case sought an order to compel the Department of Corrections generally to comply with the law and handle Appellant’s inmate grievances appropriately. Appellant failed to allege that the Department had failed to perform a clear legal duty it owed to Appellant and that Appellant had no other legal remedy.
Considering Appellant’s request for ongoing court supervision of the Department’s future compliance with “the law,” a writ of mandamus is not appropriate to command performance of a continuing series of acts requiring continuous court supervision. State ex rel. Fraternal Order of Police v. City of Orlando, 269 So.2d 402 (Fla. 4th DCA 1972).
Generally, pro se pleadings are to be construed liberally and not held to the same technical standards as pleadings by a licensed attorney. Prince v. State, 40 So.3d 11, 12 (Fla. 4th DCA 2010). However, the right of self-representation is not “a license not to comply with relevant rules of procedural and substantive law.” Faretta v. California, 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Further, leniency in construing pleadings does not allow a court to re-draft the substance of a claim because a court “cannot assist the pro se litigant to the detriment of the opposing party or to the point that the impartiality of the tribunal can be called into question.” Barrett v. City of Margate, 743 So.2d 1160, 1162 (Fla. 4th DCA 1999). As stated in Kohn v. City of Miami Beach, 611 So.2d 538, 540 (Fla. 3d DCA 1992):
Compassion for a pro se litigant and justice under law are entirely different concepts that should not be confused. Further, we should avoid the temptation to require governmental entities to defend because they seemingly have an inexhaustible supply of legal talent available. To do so would penalize the public who ultimately pays the bill.
*900 Because even a lenient reading of the complaint in this case does not reveal the assertion of ultimate facts showing that Appellant is entitled to a writ of mandamus to compel the performance of a particular ministerial duty owed to him by the Department, the circuit court’s dismissal of the complaint was proper. The order on appeal is AFFIRMED.
WOLF and VAN NORTWICK, JJ., concur.

. The initial pleading seeking a writ of mandamus "shall be a complaint.” Fla. R. Civ. P. 1.630(b).

. In contrast to the standard for a dismissal of the complaint, orders granting or denying the writ are subject to review only for abuse of discretion. Rosado v. State, 1 So.3d 1147 (Fla. 4th DCA 2009).