# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0798

_____

MARIO COTO,

 Appellant,

v.

FLORIDA COMMISSION ON
OFFENDER REVIEW,

 Appellee.

_____


On appeal from the Circuit Court for Leon County.
John. C. Cooper, Judge.


May 1, 2024


WINOKUR, J.

Mario Coto challenges the circuit court's denial of his petition for a writ of mandamus. Treating the instant petition for certiorari review as an appeal, *see Green v. Moore*, 777 So. 2d 425, 426 (Fla. 1st DCA 2000), we affirm.

Coto is serving two life sentences for second-degree murder, which are to be followed by a sentence for aggravated assault. Following an initial parole interview in 1982, Coto's presumptive parole release date (PPRD) was set at April 1, 2007. Over time, subsequent interviews resulted in revision of his PPRD to October 2, 2062.

In 2016, Coto succeeded in having his sentence for aggravated assault reduced. He raised that fact at his parole interview in 2021. But the Commission on Offender Review (the Commission) did not alter his PPRD. Coto then sought a writ of mandamus in the circuit court requesting that the Commission conduct another parole interview, consider the reduced sentence, and alter his PPRD accordingly. The circuit court, invoking its review capacity, denied the petition on the merits. It concluded that the Commission did not deprive Coto of a fair parole proceeding. The instant petition for certiorari followed.

Coto's mandamus petition did not trigger the circuit court's review capacity, and thus we treat his petition for certiorari as an appeal, *see Green*, 777 So. 2d at 426, and affirm. But because the circuit court went further and addressed the merits of Coto's petition, we take this opportunity to further explain *Fla. Dep't of Corr. v. Gould*, 344 So. 3d 496 (Fla. 1st DCA 2022), *rev. granted*, SC22-1207, 2022 WL 17347630 (Fla. Dec. 1, 2022).

I.

Traditionally, "for a court to issue a writ of mandamus, a plaintiff must establish 'that he has a clear legal right to the performance of a clear legal duty by a public officer and that he has no other legal remedies available to him.'" *James v. Crews*, 132 So. 3d 896, 899 (Fla. 1st DCA 2014) (quoting *RHS Corp. v. City of Boynton Beach*, 736 So. 2d 1211, 1213 (Fla. 4th DCA 1999)). When traditional mandamus is sought, the circuit court's initial task is to "assess[] the legal sufficiency of the allegations." *Holcomb v. Dep't of Corr.*, 609 So. 2d 751, 753 (Fla. 1st DCA 1992). If the circuit court finds the allegations were insufficient, "it will deny the petition . . . or dismiss those claims that are factually insufficient." *Id.* (citing *Gibson v. Fla. Parole & Prob. Comm'n*, 450 So. 2d 553 (Fla. 1st DCA 1984); *Adams v. Wainwright*, 512 So. 2d 1077 (Fla. 1st DCA 1987)).

However, in limited circumstances, "[w]hen a trial court considers a mandamus complaint that challenges the constitutional sufficiency of a quasi-judicial prison or parole commission proceeding," mandamus may be used as *a* tool of judicial review. *Gould*, 344 So. 3d at 504; *see also Sheley v. Fla. Parole Comm'n*, 720 So. 2d 216, 217 (Fla. 1998) ("Mandamus is *an*

2

accepted remedy for reviewing an order of the Florida Parole Commission." (emphasis supplied)); *Courtney v. Fla. Comm'n on Offender Rev.*, 371 So. 3d 418, 418 (Fla. 1st DCA 2023) (Tanenbaum, J., concurring in part and dissenting in part) ("Not every final order of a trial court on a prisoner's mandamus complaint is one rendered by the court in its 'review capacity.'") (citations omitted)).

Here, Coto's petition did not come in the form of review mandamus. Rather, Coto sought an order directing the Commission to conduct a new parole interview, where it should consider his reduced aggravated assault sentence and lower his PPRD. Thus, Coto sought traditional mandamus relief. *See Holcomb*, 609 So. 2d at 753. Accordingly, the circuit court should have determined *only* the legal sufficiency of the petition's allegations. *See Gould*, 344 So. 3d at 505. But the circuit court did not stop there. It should have.

## II.

Coto's petition was ripe for dismissal because he failed to establish that he had a "clear legal right" to the performance of a "legal duty" owed by the Commission. *See Crews*, 132 So. 3d at 899.

Section 947.16(1), Florida Statutes, states that "[e]very person who has been convicted of a felony . . . *shall*, unless otherwise provided by law, be eligible for interview for parole consideration . . . ." (emphasis supplied). And section 947.174(1)(b), Florida Statutes, states that "[f]or any inmate convicted of murder . . . and whose [PPRD] is more than 7 years after the date of the initial interview, a hearing examiner *shall* schedule an interview for review of the PPRD." (emphasis supplied). The subsequent interview "*shall* take place *once* within 7 years after the initial interview and *once* every 7 years thereafter . . . ." *Id.* (emphasis supplied). Coto does have a right to a subsequent parole interview, but only once every seven years.

Coto, however, did not seek to have the Commission conduct the seven-year statutorily prescribed parole interview. Instead, Coto requested an additional interview—separate and distinct from the one granted to him in statute—for the Commission to

consider his reduced aggravated assault sentence and lower his PPRD. No right to such an additional interview exists in statute.

Section 947.174(2), Florida Statutes states that "[t]he [C]ommission, for good cause, *may* at any time request that a hearing examiner conduct a subsequent hearing according to the procedures outlined in this section." (emphasis supplied). Similarly, section 947.16(5), Florida Statutes, states, in pertinent part, that "[s]ubsequent to the establishment of the [PPRD], the [C]ommission *may*, *at its discretion*, review the official record or conduct additional interviews with the inmate." (emphasis supplied). Thus, the plain language of the statutes shows that the Commission can decide when to hold a required parole interview that is not required by statute *at its discretion*.

Accordingly, given the Commission has discretion in deciding when to hold this type of parole interview, Coto cannot show that he had a right to enforce the performance of a legal duty.

AFFIRMED.

ROBERTS and LONG, JJ., concur.

———————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————————


Mario Coto, pro se, Appellant.

Rana M. Wallace, General Counsel, and Mark J. Hiers, Assistant General Counsel, Florida Commission on Offender Review, Tallahassee, for Appellee.