# Third District Court of Appeal
## State of Florida

Opinion filed June 12, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0859
Lower Tribunal No. 16-10298-CA-01
_____

**Safari Programs, Inc.,**
Petitioner,

vs.

**Amarilis Acosta, et al.,**
Respondents.

A Case of Original Jurisdiction – Mandamus.

Manos Schenk, PL, and Tom J. Manos, for petitioner.

Remer, Georges-Pierre & Hoogerwoerd, PLLC, and Anthony M. Georges-Pierre and Jorge L. Costa, for respondents.

Before LINDSEY, LOBREE, and BOKOR, JJ.

LINDSEY, J.

Before us is a petition for writ of mandamus seeking to require the trial court to, among other things, set a hearing on Petitioner's renewed motion

for summary judgment under the new summary judgment standard[1] and prohibit Respondent, plaintiff below, from conducting any additional discovery.

Petitioner alleges the trial court canceled a scheduled hearing on its renewed motion for summary judgment in April of 2024 without a motion having been filed by Respondent requesting a continuance and without Respondent having filed any written opposition to Petitioner's renewed motion. Petitioner further alleges the trial court granted Respondent additional time for further discovery. Petitioner alleges that in light thereof, the trial court refused to provide a hearing date on the renewed motion for summary judgment on a date sooner than nine months.

> In order for a court to issue a writ of mandamus, a plaintiff must establish "that he has a clear legal right to the performance of a clear legal duty by a public officer and that he has no other legal remedies available to him." Hatten v. State, 561 So. 2d 562, 563 (Fla.1990). Further, "[m]andamus is defined as a remedy to command performance of a ministerial act that the person deprived has a right to demand, or a remedy where public officials or agencies may be coerced to perform ministerial duties that they have a clear legal duty to perform." Town of Manalapan v. Rechler, 674 So. 2d 789, 790 (Fla. 4th DCA 1996). "A duty or act is defined as ministerial when there is

---

[1] A prior motion for summary judgment was denied by a predecessor judge under the old standard. Effective May 1, 2021, the Florida Supreme Court adopted the federal summary judgment standard. See In re Amends. to Fla. R. of Civ. P. 1.510, 309 So. 3d 192 (Fla. 2020).

no room for the exercise of discretion, and the performance being required is directed by law." Id.

RHS Corp. v. City of Boynton Beach, 736 So. 2d 1211, 1213 (Fla. 4th DCA 1999).

Here, because the complained of actions rest within the discretion afforded the trial court, mandamus does not lie.

Petition denied.