# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2025-2007
_____

MONTICELLO ELDERLY HOUSING
LTD.,

    Appellant,

    v.

RUBY BORDERS and LARRY
KIRKSEY,

    Appellees.

_____

On appeal from the County Court for Jefferson County.
Robert Ridgely Plaines, Judge.


June 3, 2026


PER CURIAM.

In this residential eviction case, Monticello Elderly Housing Ltd. ("Landlord") appeals a nonfinal order denying its Motion for Default Judgment of Possession. We reverse the order and remand for the reasons stated below.

On February 25, 2025, Landlord filed a two-count complaint against Appellees Ruby Borders and Larry Kirksey (collectively, "Tenants"). Count I seeks to evict Tenants, alleging (i) the terms of the lease agreement expired on January 31, 2025; (ii) Landlord elected not to renew the lease due to Tenants' multiple material violations of the lease agreement, such as insufficient rent

payments and the water utility being disconnected; and (iii) notwithstanding an eighty-four-day notice of nonrenewal, Tenants failed to vacate the property. Count II seeks damages for unpaid rent and late fees. Following the nonrenewal, the rent increased because Tenants no longer qualified for federal subsidies due to their failure to recertify their income.

After being served with the complaint, Tenants filed a pro se answer alleging "that some of the things are false" in the complaint. Specifically, Tenants disputed that the water utility was ever disconnected. Tenants also offered explanations for the nonpayment of rent, including that Borders was hospitalized from January 11, 2025, to February 13, 2025. The answer, however, did not mention the federal re-certification process for rent subsidies or even question the amount of rent owed.

Three months later, Landlord moved for entry of a default judgment under section 83.60(2), Florida Statutes (2025), arguing it was statutorily entitled to a default judgment because Tenants had not alleged payment as a defense, had not deposited the alleged rent in the court registry, nor moved to determine rent. Yet after a non-evidentiary hearing on the motion, the trial court interpreted Tenants' answer to be "a pleading which requires a determination of rent" based on the federal re-certification process and denied the motion. Landlord argues on appeal, and we agree, that the trial court's interpretation of Tenants' answer was improper and that Landlord was entitled to a default judgment under section 83.60(2).

This Court reviews de novo issues of statutory interpretation and the sufficiency of pleadings. *Colby v. Zicarelli*, 392 So. 3d 299, 300 (Fla. 1st DCA 2024); *James v. Crews*, 132 So. 3d 896, 898 (Fla. 1st DCA 2014).

Section 83.60 governs the available defenses in an eviction action, and it provides that if a tenant raises any defense other than payment, the tenant is required to pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court, as well as the rent that accrues during the pendency of the proceeding. § 83.60(2), Fla. Stat. (2025). It further provides,

> Failure of the tenant to pay the rent into the registry of the court or to file a motion to determine the amount of rent to be paid into the registry . . . constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon.

*Id.*

Tenants did not raise payment as a defense. Their pro se answer offers other defenses and explanations for the unpaid rent but never alleges that they, in fact, paid the rent. Tenants did not even contest the rent owed. It is also undisputed that Tenants did not deposit the alleged, accrued rent into the court registry, or file a separate motion to determine the correct amount of rent, as required by section 83.60(2). Nevertheless, the trial court construed their answer as a motion to determine rent and denied the Landlord's motion for default judgment. In doing so, the trial court reversibly erred.

While pro se filings are construed liberally, a court cannot substantively change the assertions raised therein, because a court cannot assist a pro se litigant to the detriment of the opposing party. *See James*, 132 So. 3d at 899. Although the trial court discussed at the hearing that Tenants could seek to be re-certified and lower their rent, their answer did not mention Tenants' renewed eligibility for federal subsidies or even question the amount of rent owed. Thus, there was no reasonable basis for the trial court to interpret the answer as a motion to determine rent. Due to Tenants' failure to pay the rent into the court registry or file a motion to determine the amount of rent, Landlord was entitled to an immediate default judgment for Tenants' removal with a writ of possession. § 83.60(2), Fla. Stat.

We REVERSE the order on appeal and REMAND for entry of a default judgment on Count I, entry of a writ of possession, and further proceedings on Count II for damages.

ROBERTS, RAY, and TREADWELL, JJ., concur.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


William Grant Watson and Cynthia Fussell O'Donnell of Stone & Gerken, P.A., Mount Dora, for Appellant.

Daniel Clibbon of Legal Services of North Florida, Tallahassee, for Appellees.