PARKER, Acting Chief Judge.
Francis Stone appeals the trial court’s order denying his petition for writ of mandamus. We affirm based on the trial court’s finding that mandamus does not lie to regulate a general course of conduct for an indefinite period of time.
Stone, an inmate at Avon Park Correctional Institution (Avon Park), is a charter member of the Hells Angels Motorcycle Club (Hells Angels). When Avon Park’s superintendent determined that Stone’s family and friends were sending letters, cards, and pictures adorned with the Hells Angels logo, the superintendent authorized mail room officials to return the mail to the senders. Stone subsequently filed a request for administrative remedy, which was denied. The denial was based upon the conclusion that the Hells Angels posed a threat to Avon Park’s security. Stone appealed the decision, and the appeal was denied.
Stone thereafter filed a writ of mandamus, requesting that the trial court order Avon Park to deliver mail containing the Hells Angels logo. The trial court denied the petition. We agree with the following findings made by the trial court:
In the instant case, there is no unperformed obligation to be performed or an action already taken which can be corrected in these proceedings.... Rather than seeking compel [sic] Respondent to perform an unperformed obligation, Petitioner seeks to affect current policy which would govern future conduct, i.e., the way mail delivery will be accomplished when Respondent receives the aforementioned mail. Consequently, it appears that mandamus does not lie.
It is well-settled that mandamus is not appropriate to control or regulate a general course of conduct for an unspecified period of time. See State v. Florida Coast Line Canal & Transp. Co., 73 Fla. 1006, 1033, 75 So. 582, 589 (1917); Town of Manalapan v. Rechler, 674 So.2d 789, 790 (Fla. 4th DCA 1996); State ex rel. Fraternal Order of Police v. City of Orlando, 269 So.2d 402, 402-03 (Fla. 4th DCA 1972).
Where the court is asked to require the defendant to adopt a course of official action, although it is a course required by statute and imposed on the official by law, it would be necessary for the court to supervise, generally, his official conduct, and to determine in numerous instances whether he has, to the extent of his power, carried out the mandate of the court. It would in effect render the court a supervising and managerial body over the operation and conduct of the activity to which the writ pertains, and so keep the case open for an indefinite time to superintend the continuous performance of the duties by the respondent. Accordingly, the writ will not is *102 sue to compel performance of acts of a continuous nature.
35 Fla. Jur.2d Mandamus & Prohibition § 30 (1996) (citations omitted). Because Stone’s petition to compel Avon Park to deliver future correspondence adorned with the Hells Angels logo seeks to regulate a general course of conduct for an indefinite period of time, the trial court was correct in finding that mandamus does not lie.
Affirmed.
CASANUEVA and STRINGER, JJ„ Concur.