KLEIN, J.
Lozman appeals the denial of his petition for writ of mandamus seeking access to public records. We affirm.
Lozman made a public records request for copies of transcripts of meetings taking place over two years, and emails and letters between numerous people over a three year period. The city compiled the copies of the records and informed Loz-man that the charges would be $233.50.
Lozman refused to pay the charges and was not given the documents. He then attempted to order other documents, but was told that he had to pay the bill for the first group before the city would make any further documents available.
Lozman then filed a complaint seeking a writ of mandamus, contending that the city was violating the public records statute by refusing to furnish him additional public records until he paid for the first copies he had ordered. Lozman did not question the amount of the charges, or whether the city was authorized to charge, recognizing that section 119.07(4)(d) authorizes the charging of a fee for inspecting records as well as for copying them. The only issue he raised was whether the city could require him to pay the past due fees before complying with his subsequent requests.
Lozman acknowledges that in Board of County Commissioners of Highlands County v. Colby, 976 So.2d 31, 37 (Fla. 2d DCA 2008), the court noted that a “policy of requiring an advance deposit seems prudent given legislature’s determination that taxpayers should not shoulder the entire expense of responding to an extensive request for public records.” He argues, however, that the city must formally adopt a policy of requiring an advance deposit.
Because section 119.07(4) does not require the City to do any more than what it did in this case, Lozman was not entitled to a writ of mandamus. Fla. League of Cities v. Smith, 607 So.2d 397, 400-401 (Fla.1992) (“Mandamus may not be used to establish the existence of such a right, but only to enforce a right already clearly and certainly established in the law.”). Affirmed.
POLEN and STEVENSON, JJ., concur.