PER CURIAM.
This petition for writ of mandamus seeks to compel the Florida Land and Water Adjudicatory Commission (“Commission”) to exercise its authority to review an order of a water management district under Chapter 373, Florida Statutes. We grant the petition.
In pertinent part, section 373.114(1), Florida Statutes, provides that “the Governor and Cabinet, sitting as the Land and Water Adjudicatory Commission, have the exclusive authority to review any order or rule of a water management district....” Section 373.114(1) provides that a request for review “shall be heard by the commission not more than 60 days after receipt of the request for review, unless waived by the parties.”
In 2009, Putnam County Environmental Council (“Putnam County”) filed a request for review of the St. Johns River Water Management District (“StJohns”) Regional Water Supply Plan, Fourth Addendum (“Fourth Addendum”). Among other things, Putnam County requested the Commission to “determine that [the] Fourth Addendum ... improperly identifies surface water withdrawals from the St. Johns River and the Oeklawaha River as ‘alternative water supplies’ under Section 373.109(1), Florida Statutes, and to order that such designations be stricken and/or specifically limited to capture during wet weather flows.” Putnam County’s request for review was stayed by the Commission Secretary in 2009 pending resolution of evidentiary hearing requests filed by several local governments challenging the Fourth Addendum. On January 31, 2012, the Commission Secretary issued an order which, among other things, found that Putnam County’s request for review was timely and sufficient. Although the Commission Secretary notified the parties that Putnam County’s request for review would *298 be considered at the March 2013 meeting of the Commission, the request for review was not considered. Instead, the Commission Secretary, acting alone, declined review because the Secretary determined that the Commission was without jurisdiction pursuant to section 373.114. On appeal, this court reversed the Commission Secretary’s dismissal finding that the Fourth Addendum raised a policy issue sufficient to invoke the jurisdiction of the full Commission. See Putnam County Env’t Council v. St. Johns River Water Mgmt. Dist., 136 So.3d 766 (Fla. 1st DCA 2014).
After mandate in the appeal issued on May 13, 2014, Putnam County filed a motion requesting that the. Commission Secretary schedule the request for review at the next Commission meeting. St. Johns filed a motion to stay the request for review until the Florida Department of Environmental Protection concluded development of amendments to the Water Resource Implementation Rule, Florida Administrative Code Chapter 62-40, that had been noticed in the Florida Administrative Register. The Commission Secretary granted a stay pending the completion of rule-making proceedings by the Department of Environmental Protection.
Putnam County now seeks a writ of mandamus asserting that it is entitled to have the Commission consider its request for review. We agree. “In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available.” Huffman v. State, 813 So.2d 10, 11 (Fla.2000); see also Ledger v. City of St. Petersburg, 135 So.3d 496, 497 (Fla. 2d DCA 2014) (“A writ of mandamus is used to enforce an established legal right by compelling a public officer or agency to perform a duty required by law.” (quoting Lee County v. State Farm Mut. Auto. Ins. Co., 634 So.2d 250, 251 (Fla. 2d DCA 1994))). Putnam County filed its request for review in 2009. The Commission Secretary issued an order on January 31, 2012, which found that Putnam County’s request for review was timely and sufficient. Section 373.114(1) provides that the request for review “shall be heard by the commission not more than 60 days after receipt of the request for review, unless waived by the parties.” Rule 42-2.0132(6), Florida Administrative Code, provides that a request for review “shall be heard by the Commission not more than 60 days after the date the request for review has been received and determined by the Secretary to be sufficient, unless waived by all parties.” Cf. Rivera v. Moore, 825 So.2d 505 (Fla. 1st DCA 2002) (mandamus will lie to compel an administrative agency to follow its own rules). Here, Putnam County has a clear legal right to have the request for review be timely considered by the Commission.
Accordingly, we grant the petition for writ of mandamus with directions to the Commission to schedule consideration of Putnam County’s request for review within 60 days of issuance of mandate in this cause.
BENTON, ROWE, and OSTERHAUS, JJ., concur.