IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

FLORIDA AGENCY FOR
HEALTH  CARE
ADMINISTRATION,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

CASE NO. 1D16-4801

v.

ZUCKERMAN SPAEDER, LLP,

Appellee.

_____/

Opinion filed July 6, 2017.

An appeal from the Circuit Court for Leon County.
Karen A. Gievers, Judge.

Brittany Adams Long, Christopher B. Lunny, and Thomas A. Crabb of Radey Law
Firm, Tallahassee, for Appellant.

Ceci Culpepper Berman, Philip J. Padovano, and Joseph T. Eagleton of Brannock &
Humphries, Tampa; Jack E. Fernandez, D. Lee Fugate, Morris (Sandy) Weinberg,
Jr., and Sara L.A. Lawson of Zuckerman Spaeder LLP, Tampa, for Appellee.

PER CURIAM.

Appellant, Florida Agency for Health Care Administration ("AHCA"),

appeals a trial court order granting mandamus relief to Appellee, Zuckerman

Spaeder, LLP.  For the following reasons, we reverse.

FACTUAL AND PROCEDURAL HISTORY

The Appellee, Zuckerman Spaeder, LLP ("Zuckerman") is a law firm that represents a defendant in a federal criminal case. Zuckerman's client is charged with Medicaid fraud and other related offenses. Beginning in October 2014, and continuing through February 2015, Zuckerman submitted public records requests to AHCA pursuant to Chapter 119, Florida Statutes. In all, Zuckerman submitted ten different requests seeking records dating back to 2002. The requested records generally relate to the calculation of behavioral health capitation payments certified by HMOs to AHCA. The letters contained a total of seventy-seven search requests.

In response to the requests, AHCA prepared search terms derived from the requests and provided the agency's IT unit with the requests and search terms in order to conduct searches of its system to identify responsive documents. AHCA searched its hard copy and electronic databases, with much of the search focused on email documents within the agency's database. The searches yielded an extraordinary number of results.[1] When AHCA notified Zuckerman of the large number of results, Zuckerman asked AHCA to suspend its searches until the parties could confer on the search terms, with the goal of narrowing the searches and reducing the number of results.

The parties met to refine the search terms in order to narrow the searches for responsive documents. The searches took between four to six weeks to complete

---

[1]  One search alone yielded over one billion e-mails.

due to the large number of records to be searched. The narrowed search terms nevertheless yielded a massive number of results. As the searches were performed, AHCA prepared invoices and delivered them to Zuckerman. Pursuant to section 119.07(4)(d), the invoices included a "special service charge," billed to reimburse AHCA for extensive use of its information technology and substantial clerical and supervisory hours expended by agency personnel. The time and effort were expended, in part, to review and redact any confidential information from the documents. Upon receipt of the invoices, Zuckerman refused to pay, asserting the fees were unreasonable. However, Zuckerman never withdrew these requests. As a result of non-payment, AHCA declined to produce the records. AHCA ultimately advised Zuckerman it had complied with its obligations under Chapter 119 and would provide the records once payment was received.

Subsequently, the searches were further refined, and AHCA again searched its e-mail systems. This search produced fewer responsive documents. AHCA accordingly calculated significantly reduced cost reimbursement and submitted invoices for review and redactions. Zuckerman never paid these invoices either.

On November 23, 2015, pursuant to rule 1.630, Florida Rules of Civil Procedure, Zuckerman filed its Petition for Writ of Mandamus (the "Petition"), attaching the ten sets of public records requests. An alternative writ of mandamus[2]

---

[2] Designated as an "order to show cause."

was issued to AHCA ordering AHCA to show cause why the relief requested in the Petition should not be granted. AHCA filed a response to the alternative writ asserting a number of defenses. In its response, AHCA contended, among other things, that Zuckerman sought to impose mandamus for non-ministerial actions, that is, the discretionary act of review and redaction of exempted information, and that Zuckerman had failed to satisfy a condition precedent to production of the documents because it had failed to pay for the cost of production.

The matter proceeded to evidentiary hearing on the Petition on October 4, 2016. Following the hearing, on October 21, 2016, the trial court entered its "Order on Public Records Final Hearing."[3] Rather than order production of all documents identified in the Petition, the trial court ordered AHCA to produce a modified list of documents within forty-eight hours, without requiring any payment prior to production. Further, the order retains jurisdiction for future computation of reasonable costs incurred by AHCA in preparation of the records. This timely appeal followed.

ANALYSIS

AHCA raises six issues on appeal, two of which are dispositive. This Court agrees with AHCA that it was error for the lower court to order production within forty-eight hours of the issuance of the order without pre-payment of AHCA's

---

[3] The order grants mandamus relief and will be treated as a writ of mandamus.

4

charges. Additionally, Zuckerman failed to establish a clear legal right to mandamus relief.[4]

The proper standard utilized in reviewing a trial court's decision on a petition for writ of mandamus is abuse of discretion. Brown v. State, 93 So. 3d 1194, 1195 (Fla. 4th DCA 2012). "In order to be entitled to a writ of mandamus, the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available." Putnam Cty. Envtl. Council v. Johns River Water Mgmt. Dist., 168 So. 3d 296, 298 (Fla. 1st DCA 2015) (quoting Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000)). The duty of the respondent in a mandamus action must be ministerial in nature, and not discretionary. Wuesthoff Mem'l Hosp. Inc. v. Florida Elections Comm'n, 795 So. 2d 179, 180 (Fla. 1st DCA 2001). A duty is ministerial when "there is no room for the exercise of discretion, and the performance being required is directed by law." Town of Manalaplan v. Rechler, 674 So. 2d 789, 790 (Fla. 4th DCA 1996). Mandamus is available only to enforce an established legal right, not to establish that right. Miami-Dade Cty. Bd. of Cty. Comm'rs v. An Accountable Miami-Dade, 208 So. 3d 724 (Fla. 3d DCA 2016).

---

[4] As these issues were raised by AHCA in its response to the alternative writ of mandamus, its memorandum of law and at the hearing itself, we are perplexed by Zuckerman's contention that these issues were not preserved.

5

With respect to public records requests pursuant to Chapter 119, Florida Statutes, "[i]t is the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person. Providing access to public records is a duty of each agency." §119.01(1), Florida Statutes. However, this Court has recognized a records custodian's duty to redact exempted portions of public records before they are released. Morris Publ'g Grp., LLC v. State of Fla., 154 So. 3d 528, 533 (Fla. 1st DCA 2015). There are numerous categories of records that are exempt from disclosure in a public records request. §119.071(5)(a)5, Florida Statutes ("Social security numbers held by an agency are confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution."); §119.071(5)(b), Florida Statutes. ("Bank account numbers and debit, charge, and credit card numbers held by an agency are exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution."); §394.4615(1), Florida Statutes. ("A clinical record is confidential and exempt from the provisions of s. 119.07(1).").

Section 119.07(4), Florida Statutes, provides in part, "[t]he custodian of public records shall furnish a copy or a certified copy of the record *upon payment of the fee* prescribed by law." (Emphasis supplied) While access to public records is of the utmost importance, "Florida has long required those who seek such records to defray the extraordinary costs associated with their requests." Bd. of Cty. Comm'rs of Highlands Cty. v. Colby, 976 So. 2d 31, 35 (Fla. 2d DCA 2008). Florida courts

6

have consistently held that where a service charge is warranted, an agency is authorized to require payment before producing the records. Morris Publ'g, 154 So. 3d at 534; Wootton v. Cook, 590 So. 2d 1039, 1040 (Fla. 1st DCA 1991); Colby, 976 So. 2d at 37.   Requiring an advance deposit is prudent given the legislature's determination that taxpayers should not shoulder the entire expense of responding to an extensive request for public records. Colby, 976 So. 2d at 37.  A person who has not paid for the cost of production is not entitled to mandamus relief on a public records request. Lozman v. City of Riviera Beach, 995 So. 2d 1027 (Fla. 4th DCA 2008).

In the present case, which deals with a dispute over a large public records request, the lower court seemingly failed to appreciate the amount of time required to properly prepare the requested documents, especially given the need to review and redact confidential information.  The lower court's order, which is devoid of specific findings of fact and citations to legal authority, is contrary to prior decisions of this Court and the language of controlling statutes. By ordering production of the requested documents within forty-eight hours of issuance of its order, the court effectively requires AHCA to ignore its statutory duty to redact exempted information. The sheer number of documents encompassed by Zuckerman's requests precludes thorough review in the time allowed.  Further, decisions of this Court and the language of section 119.07(4), Florida Statutes, dictate that Zuckerman should

7

be required to pay for the cost of searching, review, and redaction of exempted information prior to production. It is unreasonable to require a publicly funded agency to absorb the large financial cost associated with preparation of these records. Zuckerman is a private law firm, and while discovery may be costly, it is a necessary component of litigation. Requiring a state agency to fund, at least in advance, litigation expenses of a private firm is against this state's public policy. The lower court abused its discretion by ordering production of the responsive documents within forty-eight hours of the issuance of the order without requiring advance payment of AHCA's invoices.

Here, the elements for mandamus relief were not met. AHCA's duty in this case was not merely to collect a fee and send records over immediately. AHCA's duty to protect exempted information through redaction precedes its duty to provide the documents to Zuckerman. Zuckerman's right to the records is not absolute. The applicable statute provides that Zuckerman is not entitled to receive exempted information in connection with a public records request. AHCA's duty is not ministerial, and Zuckerman's right is not indisputable. Mandamus requires both elements to be met. Therefore, mandamus relief was improper.[5]

---

[5] We also note that the lower court was without authority to issue mandamus relief and retain jurisdiction for computation of reasonable reimbursement costs at some future date. "It is well-settled that mandamus is not appropriate to control or regulate a general course of conduct for an unspecified period of time." Stone v. Ward, 752

8

<u>CONCLUSION</u>

The trial court erred by requiring production of documents within forty-eight hours of the date of the order because the documents could not be reviewed for redaction within this compressed time period. The trial court further erred by requiring production of the documents prior to payment of AHCA's invoices. Accordingly, we reverse the trial court's October 21, 2016, order and vacate the writ of mandamus. This ruling renders moot the remaining issues on appeal.

WOLF and WETHERELL, JJ., and LESTER, DON H., ASSOCIATE JUDGE, CONCUR.

---

So. 2d 100, 101 (Fla. 2d DCA 2000). A writ of mandamus is not to be issued where continued supervision is required. <u>Id.</u> at 102.