# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3945
_____

LISA RAWSON,

    Appellant,

    v.

GULF COAST PROPERTY
MANAGEMENT CO., INC.,

    Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

December 14, 2018


ROBERTS, J.

Lisa Rawson challenges the trial court's denial of her motion for attorney's fees and costs filed pursuant to section 57.105, Florida Statutes. Because there was no legal basis for the underlying action, we reverse the trial court's denial of the motion.

Gulf Coast Property Management Company, Inc., managed rental property that was jointly owned by Lisa and Greg Rawson. When the Rawsons dissolved their marriage, the trial court entered a final judgment awarding the rental property to Ms. Rawson. Both Mr. and Ms. Rawson made a demand on Gulf Coast for the rent proceeds after the entry of the final judgment of dissolution. Instead of relying on the final judgment to deny Mr.

Rawson's demand for rental proceeds, Gulf Coast filed an interpleader action, seeking a declaration from the trial court as to who was entitled to the rent proceeds.

Ms. Rawson, along with moving for summary judgment, sought the imposition of sanctions against Gulf Coast pursuant to section 57.105, arguing that the interpleader action was without legal or factual basis as the final judgment of dissolution had previously determined that she owned the rental property. The trial court granted Ms. Rawson's motion for summary judgment on the interpleader action and ordered Gulf Coast to remit all rent proceeds to her. However, the court denied the motion for sanctions, finding that Gulf Coast did not act in bad faith when it filed the complaint for interpleader. Ms. Rawson now appeals the denial of her request for sanctions.

A trial court's ruling on a motion for attorney's fees and costs pursuant to section 57.105, Florida Statutes, is reviewed for an abuse of discretion. *Gahn v. Holiday Prop. Bond, Ltd.*, 826 So. 2d 423, 425-26 (Fla. 2d DCA 2002). To the extent that the trial court's decision is based on an interpretation of the law, the order is reviewed *de novo*. *Moore v. Estate of Albee by Benzenhafer*, 239 So. 3d 192, 194 (Fla. 5th DCA 2018).

Section 57.105, Florida Statutes (2016), provides:

Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that *the losing party or the losing party's attorney knew or should have known* that a claim or defense when initially presented to the court or at any time before trial:

(a) Was not supported by the material facts necessary to establish the claim or defense; or

(b) Would not be supported by the application of then-existing law to those material facts.

2

(Emphasis added.)  Under these facts, Gulf Coast or its attorney knew or should have known that there was no legal basis for an interpleader action because the final order of dissolution, which had not been stayed pending appeal, awarded the rental property to Ms. Rawson.  *See Rainess v. Estate of Machida*, 81 So. 3d 504, 511 (Fla. 3d DCA 2012) ("[A] stakeholder may not interplead based on an unreasonable fear of a merely hypothetical claim that lacks merit grounded in law or in fact.").  Gulf Coast should have disbursed the rent proceeds to Ms. Rawson rather than seeking a second adjudication of this issue.  Further, Gulf Coast's actions do not fall under any of the good faith exceptions listed in the statute.  *See* § 57.105(3)(a)-(d), Fla. Stat. (2016).

We, therefore, REVERSE the order denying sanctions and REMAND for the trial court to assess a reasonable fee.

KELSEY and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

William S. Graessle and Jonathan W. Graessle of William S. Graessle, P.A., Jacksonville, for Appellant.

Michael D. Tidwell and Benjamin L. Alexander of Michael D. Tidwell, P.A., Pensacola, for Appellee.

3