# Third District Court of Appeal

## State of Florida

Opinion filed August 31, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1440
Lower Tribunal No. 16-20317
_____

## Miami Dade College,
Appellant,

vs.

## Nader + Museu I, LLLP,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Mark Migdal & Hayden, and Jose M. Ferrer and Darci E. Cohen, for appellant.

David J. Winker, P.A., and David J. Winker, for appellee.

Before LOGUE, SCALES, and HENDON, JJ.

LOGUE, J.

Miami Dade College ("MDC") appeals a final order of the trial court denying its motion to collect fees under section 119.07(4), Florida Statutes,

for the production of public records requested by Nader + Museu I, LLLP ("Nader").[1] MDC sought an award of $201,087.95 in attorneys' fees and costs as a "special service charge" under section 119.07(4)(d) for the costs it incurred after it hired outside counsel to defend against Nader's petition for writ of mandamus to compel production of the public records. We affirm because MDC failed to provide Nader with an estimate or invoice of the anticipated cost of producing the public records prior to production, violating both its own policies and procedures and the language of section 119.07(4).

The underlying action arose from a public records request Nader made to MDC in June of 2016, seeking documents concerning a public-private solicitation for a development of MDC-owned property located in Miami-Dade County. Due to the request's expansive nature, MDC asked Nader to provide search terms to narrow down the scope of the search. MDC did not come up with its own search terms, nor did it conduct any of its own electronic searches. As a result, MDC did not provide Nader with any invoice for its efforts, nor did it provide any estimate of the anticipated cost of producing the public records requested. MDC asserted that it believed the scope, costs,

---

[1] When determining entitlement to fees based on the interpretation of a statute, we apply a de novo standard of review. See Starboard Cruise Services, Inc. v. DePrince, 259 So. 3d 295, 297 (Fla. 3d DCA 2018).

and actual search terms would be discussed and worked out amongst the parties, but this ultimately did not occur.

Instead, Nader filed a Complaint for Mandamus and Declaratory Relief on August 5, 2016, alleging MDC had failed to make the public records available or otherwise respond to the request within a reasonable amount of time. MDC hired outside counsel to defend against Nader's action and ultimately produced the public records requested in response to various discovery requests by Nader. Neither MDC nor its outside counsel provided Nader with an estimate of the anticipated cost of the discovery prior to producing the public records, nor did they provide Nader with an invoice for their efforts or request payment prior to producing the public records.

The trial court ultimately granted Nader's request for a writ of mandamus. Following issuance of the trial court's final order, MDC filed a motion for award of attorneys' fees and costs for the public records production pursuant to section 119.07, advising Nader for the first time that it sought $223,431.05[2] in fees for the production. Following an evidentiary hearing, the trial court denied the motion. While the trial court provided several bases for denying MDC's request, we focus on one – MDC's failure

---

[2] MDC later amended this amount to $201,087.95 at the evidentiary hearing on its motion.

3

to follow its policies and procedures in fulfilling Nader's public records request.

MDC maintained a policy and procedure, "Procedure 2107 – Fee(s) for Photocopying or Duplicating Public Records," which provided in pertinent part as follows:

> B.    The custodian of public records shall permit any person to inspect, examine or take extracts or make copies, at any reasonable time, under custodian's supervision. The custodian shall furnish copies on payment of fees as prescribed below.
>
> 1. This charge must be agreed upon in advance by the person desiring the copies. . . .
>
> 2. A reasonable fee for the duplication of other material such as manuals, tapes, or films shall be assessed by the custodian and agreed upon by the person desiring the copies.

MDC was required to comply with this procedure when responding to Nader's public records request. See, e.g., Collier Cnty. Bd. of Cnty. Comm'rs v. Fish & Wildlife Conservation Comm'n, 993 So. 2d 69, 72 (Fla. 2d DCA 2008) ("[A]n agency is required to follow its own rules."); Fredericks v. Sch. Bd. of Monroe Cnty., 307 So. 2d 463, 465 (Fla. 3d DCA 1975) ("[A] public agency . . . is bound to fully comply with its own rules and policies.").

Similarly, section 119.07(4) provides that "[t]he custodian of public records shall furnish a copy or a certified copy of the record upon payment

4

of the fee prescribed by law[,]" and provides a fee schedule for copies. See § 119.07(4)(a)-(c). Section 119.07(4)(d), the provision under which MDC sought fees, further provides that

> If the nature or volume of public records requested to be inspected or copied pursuant to this subsection is such as to require extensive use of information technology resources or extensive clerical or supervisory assistance by personnel of the agency involved, or both, the agency may charge, in addition to the actual cost of duplication, a special service charge, which shall be reasonable and shall be based on the cost incurred for such extensive use of information technology resources or the labor cost of the personnel providing the service that is actually incurred by the agency or attributable to the agency for the clerical and supervisory assistance required, or both.

In Board of County Commissioners of Highlands County v. Colby, 976 So. 2d 31, 35 (Fla. 2d DCA 2008), the Second District held that the county could collect an advance deposit of section 119.07(4)(d)'s special service charge before conducting the search for the public records, as long as it was reasonable and based on the labor cost that is actually incurred by or attributable to the county, deeming it "prudent given the legislature's determination that taxpayers should not shoulder the entire expense of responding to an extensive request for public records." Colby, 976 So. 2d at 37.

The evidence presented at the evidentiary hearing, however, was that MDC never provided Nader with an estimate of the anticipated costs to fulfill the public record request after receiving the request or an invoice for its efforts. Presumably, this is because no efforts were ever undertaken as MDC conceded in the underlying action that it did not come up with its own search terms or conduct any of its own electronic searches before suit was filed because it believed the scope, costs, and actual search terms would be discussed and worked out amongst the parties. This obviously did not occur. Yet after suit was filed and the parties proceeded to engage in discovery, MDC and its outside counsel still failed to provide Nader with an estimate of the anticipated costs to fulfill the public record request, nor did the parties ever agree in advance to a charge for the fulfillment as required by MDC's Procedure 2107, as well as section 119.07(4).

MDC nevertheless contends on appeal that the trial court erred in allowing Nader to obtain public records without requiring it to pay a "special service charge" set forth in section 119.07(4)(d), in the form of MDC's attorneys' fees and costs incurred in responding to Nader's public records request through discovery in the underlying action. MDC relies on Florida Agency for Health Care Administration v. Zuckerman Spaeder, LLP, 221 So. 3d 1260 (Fla 1st DCA 2017), for the proposition that there is a statutory

6

obligation to pay fees associated with the production of public records, even after litigation ensues, and argues the trial court erred because it effectively allowed Nader to obtain extensive public records for free. MDC's reliance on Zuckerman Spaeder, however, is misplaced.

In that case, a law firm representing a defendant in a criminal case involving Medicaid fraud and other related offenses submitted public records requests to AHCA. Id. at 1261. In response, AHCA prepared search terms derived from the requests and provided the agency's IT unit with the requests and search terms in order to conduct searches of its system to identify responsive documents. Id. The searches yielded an extraordinary number of results, so the parties met to refine the search terms. Id. at 1262. The narrowed search terms nevertheless yielded a massive number of results. Id. As the searches were performed, AHCA prepared invoices, which included a special service charge under section 119.07(4)(d) to reimburse AHCA for extensive use of its information technology and substantial clerical and supervisory hours expended by agency personnel, and delivered them to Zuckerman. Id. Upon receipt of the invoices, Zuckerman refused to pay and AHCA declined to produce the records as a result of the non-payment. Id.

Zuckerman filed a petition for writ of mandamus and AHCA argued in response, in pertinent part, that Zuckerman failed to satisfy a condition precedent to production of the documents because it had failed to pay for the cost of production. Id. Following an evidentiary hearing, the trial court ordered AHCA to produce a modified list of documents within 48 hours without requiring any payment prior to production. Id. The order instead retained jurisdiction for future computation of reasonable costs incurred by AHCA in preparation of the records. Id.

On appeal, the First District held it was error for the trial court to order production within 48 hours without pre-payment of AHCA's charges. Id. at 1263. "Florida courts have consistently held that where a service charge is warranted, an agency is authorized to require payment before producing the records." Id. (citing Morris Publ'g Grp., LLC v. State of Fla., 154 So. 3d 528, 534 (Fla. 1st DCA 2015); Wootton v. Cook, 590 So. 2d 1039, 1040 (Fla. 1st DCA 1991); Colby, 976 So. 2d at 37). The court explained that "the language of section 119.07(4), Florida Statutes, dictate[d] that Zuckerman should be required to pay for the cost of searching, review, and redaction of exempted information prior to production" and held that the trial court "abused its discretion by ordering production of the responsive documents within forty-

8

eight hours . . . without requiring advance payment of AHCA's invoices." Id. at 1264.

Zuckerman Spaeder is distinct from this matter in one important respect. In Zuckerman Spaeder, AHCA properly provided the requestor with invoices reflecting the special service charge sought under the statute prior to production of the records. Here, neither MDC nor its outside counsel ever provided Nader with an estimate or invoice of the anticipated cost of production, therefore Zuckerman Spaeder does not compel the result sought by MDC.

MDC seeks to excuse its failure to provide an invoice prior to production by arguing that it reasonably relied on an interlocutory order of the trial court issued prior to the completion of production that ruled MDC would be entitled to lawful fees for producing copies of its electronic records during the litigation but postponed any hearing as to the amount of fees until the conclusion of the litigation. This argument is similarly without merit, as it fails to acknowledge MDC's initial failure to provide Nader with an estimate or invoice of the anticipated costs of production prior to the filing of the underlying action. This initial failure to comply with the requirements of MDC's own Procedure 2107, as well as section 119.07(4)'s language conditioning production of public records "upon payment of the fee

9

prescribed by law," cannot be excused after the fact by an order of the trial court.

More importantly, a trial court cannot order a public agency to produce public records and provide that it will determine the reasonable costs incurred by the agency for preparation of the records after the fact. This is exactly what the First District in <u>Zuckerman Spaeder</u> held to be error. <u>See Zuckerman Spaeder</u>, 221 So. 3d at 1262-63 (noting the trial court ordered production of public records within 48 hours and retained jurisdiction for "future computation of reasonable costs incurred by AHCA in preparation of the records" and held it was "error for the lower court to order production within forty-eight hours . . . without pre-payment of AHCA's charges"). Accordingly, MDC's reasonable reliance argument necessarily fails.

We therefore affirm the trial court's denial of MDC's requested fees based on MDC's failure to provide Nader with an estimate or invoice of the anticipated cost of production prior to producing the public records requested contrary to MDC's own policies and procedures, as well as the language of section 119.07(4).

Affirmed.