FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-2290
_____

ESTATE OF TARINA M. WHITE,

Appellant/Cross-Appellee,

v.

FLORIDA MEDICAL EXAMINERS
COMMISSION and DR. JAY
RADTKE,

Appellees/Cross-Appellants.

_____

On appeal from the Circuit Court for Jackson County.
John Jay Gontarek, Judge.

July 16, 2025

ROWE, J.

The Estate of Tarina M. White (the Estate) petitioned for a writ of mandamus to compel Dr. Jay Radtke, the District Fourteen Medical Examiner, to change his conclusions as to the cause and manner of death on White's death certificate. The court denied the petition, determining that Dr. Radtke had no legal duty to modify the death certificate. Dr. Radtke then moved for the imposition of attorney's fees under section 57.105, Florida Statutes, as a sanction against the Estate for bringing a frivolous claim. The trial court denied the motion. The Estate now seeks appeal of the order

denying the mandamus petition, and Dr. Radtke cross-appeals the denial of his motion for attorney's fees. We affirm the appeal without further discussion and write only to address the cross-appeal.

*Facts & Procedural History*

On the evening of April 1, 2016, Tarina White and Billy Pullam were socializing with coworkers in Alford, Florida. Around 9:30 p.m., White and Pullam left the gathering to go buy alcohol. They never returned.

Two days later, a fisherman discovered a pickup truck submerged near the boat ramp at Compass Lake. A Florida Highway Patrol diver investigated the submerged truck and found two people inside the cab. The two were later identified as White and Pullam. Investigators discovered a syringe inside Pullam's shirt pocket, and testing later revealed that Pullam had enough methamphetamine in his system to be impaired.

At the medical examiner's request, FHP reenacted the truck's submersion. The reenactment led FHP to conclude that the combination of the poor lighting around the boat ramp and heavy rain on the night of the accident confused White and Pullam and contributed to them driving into the lake. The reenactment also suggested that the water almost immediately reached a high level on the doors of the truck, the force of which would have prevented White and Pullam from opening the doors. Their inability to escape from the truck then caused White and Pullam to drown when the water filled the truck's cab.

Three days after the accident, Dr. Radtke performed White's autopsy. He did not note any injuries that suggested White was murdered. Instead, he noted that White's stomach, lungs, and the space surrounding her lungs were filled with fluid. Based on these findings, Dr. Radtke concluded that White drowned. He prepared a death certificate identifying drowning as the cause of her death and describing the manner of death as an accident. But White's family rejected Dr. Radtke's explanation.

2

Over the next five years, the Estate wrote letters to FHP, the state attorney, the Florida Department of Law Enforcement, and Governor DeSantis requesting that White's case be reopened and investigated as a murder. In 2021, the Estate filed a complaint against Dr. Radtke and the Florida Medical Examiners Commission (the Commission), alleging that Dr. Radtke was negligent and failed to comply with regulatory guidelines in performing White's autopsy. The Commission determined that the Estate's complaint was legally insufficient because there was no evidence that Dr. Radtke violated any statute or rule. The Commission added that its staff and an additional forensic pathologist had reviewed the case and determined that Dr. Radtke "performed a complete autopsy and extremely thorough investigation." The Estate then sought review in the Division of Administrative Hearings, challenging the Commission's dismissal of its complaint. The administrative law judge dismissed the case for lack of jurisdiction.

It was then that the Estate petitioned the circuit court for a writ of mandamus to compel Dr. Radtke and the Commission to amend the death certificate to indicate that the date, place, time, cause, and manner of White's death were unknown or undetermined. The Estate asserted that the right to life, liberty, and the pursuit of happiness found in the Declaration of Independence and in article I, section 2 of the Florida Constitution gave White the clear legal right to know how her life ended. And that this right passed on through White to the Estate under section 733.602, Florida Statutes (2022).

The Estate next argued that Dr. Radtke had a clear legal duty under chapter 406, Florida Statutes, to determine the cause of death and to prepare his report in accordance with the standards of section 406.075, Florida Statutes and the Practice Guidelines for Medical Examiners. The Estate alleged that Dr. Radtke violated his duties under those statutes and regulations by negligently preparing the autopsy report and by incorrectly identifying the manner and cause of White's death. The Estate maintained that drowning was not the cause of White's death. And it asserted that it had no adequate remedy at law and requested attorney's fees under section 57.105.

Dr. Radkte moved to dismiss the petition, arguing the Estate failed to state a cause of action because mandamus is only available to compel a public official to perform a ministerial duty. Because a medical examiner's determination of the cause of death is a purely discretionary matter, there were no facts or circumstances under which a writ of mandamus could issue.

Dr. Radtke then served on the Estate a motion for attorney's fees under section 57.105. He argued that, because his duties were discretionary in nature, the Estate's claim for mandamus relief was unsupported by the necessary material facts to establish its claim and could not be supported by applying then-existing law to those facts. The Estate did not withdraw its petition within twenty-one days, and so Dr. Radtke then filed his motion with the trial court.

The court heard arguments on Dr. Radtke's motion to dismiss and on both parties' motions for attorney's fees. Dr. Radtke's counsel explained that a medical examiner determines the cause of death using expert judgment and that even the way the conclusions are reached—e.g., which tests are ordered, which tissue is tested—is based on professional judgment and requires the exercise of discretion. Counsel also pointed out that section 733.602 provides no right for an Estate to know the cause of a decedent's death. Counsel characterized the Estate's arguments as it to its legal rights under the Declaration of Independence and the Florida Constitution as "extremely attenuated" and unsupported by any legal authority.

At the conclusion of the hearing, the trial court granted Dr. Radtke's motion to dismiss the petition and denied both motions for attorney's fees. The trial court rejected the Estate's claim that Dr. Radtke had a clear legal duty to change the death certificate. The trial court determined: "[Dr. Radtke]'s actions in determining the time, place, date, manner, and cause of death are, by their very nature, discretionary" and that, because these actions are discretionary, "there are no facts or circumstances which the [Estate] could allege which would render [Dr. Radtke]'s determination anything less than discretionary." The trial court thus concluded that the Estate's mandamus petition lacked the

4

"support of the material facts necessary to establish the claim" and was also "unsupported by application of existing laws."

Turning to Dr. Radtke's motion for attorney's fees, the trial court concluded that the Estate had received "proper notice and opportunity to withdraw" its petition under the safe harbor provision in section 57.105(4). Even so, the trial court denied the motion. The trial court reasoned that the Estate's argument as to the clear legal right element of its mandamus petition—relying on section 733.602, the Declaration of Independence, and the Florida Constitution—was "novel but unsupported by any law." The trial court thus determined the Estate's action "was not frivolous, however, just simply unsupported by the facts."

The Estate moved for rehearing as to the dismissal of its mandamus petition. It conceded that it had no grounds to seek an order requiring Dr. Radtke and the Commission to amend the death certificate and that "none of the statutes cited in this case direct the medical examiner to reach a specific conclusion as to the time, place, date, and cause of death." The trial court denied the motion for rehearing. This appeal and cross-appeal follow.

*Analysis*

We review for an abuse of discretion a trial court's order denying a motion for attorney's fees and costs under section 57.105. *See Rawson v. Gulf Coast Prop. Mgmt. Co.*, 261 So. 3d 721, 722 (Fla. 1st DCA 2018). But insofar as the trial court's ruling on the motion is based on an interpretation of the law, our review is de novo. *Id.* Here, the trial court's ruling depended on its interpretation of section 57.105, so our review is de novo.

Section 57.105(1), Florida Statutes (2023), provides:

Upon the court's initiative or motion of any party, the court **shall** award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney

5

knew or should have known that **a claim** or defense, when initially presented to the court or at any time before trial:

> (a) Was not supported by the material facts necessary to establish the claim or defense; or

> (b) Would not be supported by the application of then-existing law to those material facts.

(emphasis supplied). In other words, the trial court is required to award attorney's fees to the prevailing party when it finds that the losing party or the losing party's attorney knew or should have known that at least one of the losing party's **claims** was not supported by the necessary material facts or by the application of then-existing law. The use of the word "shall" in the statute indicates that, when the conditions of the statute are met, an award of sanctions is mandatory and is not a matter of discretion for the trial court. *See Law Offices of Lynn W. Martin, P.A. v. Madson*, 144 So. 3d 707, 708 (Fla. 1st DCA 2014) (noting the "mandatory nature" of an award of fees under section 57.105(1)); *Mark W. Rickard, P.A. v. Nature's Sleep Factory Direct, LLC*, 261 So. 3d 567, 570 (Fla. 4th DCA 2018) (holding that "the trial court **lacked discretion** to deny" a motion for attorney's fees where the requirements of section 57.105(1) were satisfied) (emphasis supplied).

The statute also refers to "claim[s] or defense[s]." § 57.105(1), Fla. Stat. (2023). Unlike the pre-1999 version of the statute, the current version "no longer requires a party to show a complete absence of a justiciable issue of fact or law, but instead allows recovery of fees for **any claims or defenses** that are unsupported." *Wendy's of N.E. Fla., Inc. v. Vandergriff*, 865 So. 2d 520, 523 (Fla. 1st DCA 2003) (emphasis supplied). Thus, under the current version of the statute, it is not necessary that the entire action be unsupported by material facts or the application of then-existing law. *See Albritton v. Ferrera*, 913 So. 2d 5, 8 (Fla. 1st DCA 2005); *Davis v. Bailynson*, 268 So. 3d 762, 769 (Fla. 4th DCA 2019). Instead, the prevailing party need only show that any claim or defense was unsupported by material facts or the application of then-existing law.

Dr. Radtke argues that the trial court reversibly erred when it denied his motion for attorney's fees under section 57.105. We agree because the Estate's mandamus **claim** was not supported by the necessary material facts and could not be supported by the application of then-existing law.

To state a claim for mandamus relief, the Estate had to advance the material facts and supporting law necessary to establish three elements—a clear legal right, a clear legal duty, and no adequate remedy at law. *See Putnam Cnty. Env't Council v. Johns River Water Mgmt. Dist.*, 168 So. 3d 296, 298 (Fla. 1st DCA 2015). All three elements are *necessary* to establish a mandamus claim. *See id.* If any element is not proven, mandamus will not lie. *Id.*

Here, the trial court correctly determined that Dr. Radtke and the Commission had no clear legal duty to change the death certificate. A clear legal duty must be ministerial in nature, not discretionary. *Fla. Agency for Health Care Admin. v. Zuckerman Spaeder, LLP*, 221 So. 3d 1260, 1263 (Fla. 1st DCA 2017). "A duty is ministerial when 'there is no room for the exercise of discretion, and the performance being required is directed by law.'" *Id.* (quoting *Town of Manalapan v. Rechler*, 674 So. 2d 789, 790 (Fla. 4th DCA 1996)); *see also Solomon v. Sanitarians' Registration Bd.*, 155 So. 2d 353, 356 (Fla. 1963) (explaining that mandamus is not a proper remedy to compel a government board "to exercise its discretion in a particular manner"). Here, Dr. Radtke's exercise of his duties as a medical examiner was the quintessential exercise of discretion. His determinations of the date, place, time, cause, and manner of White's death depended on his training, professional judgment, and experience as a medical examiner. *See City of Miami Beach v. State ex rel. Epicure, Inc.*, 4 So. 2d 116, 117 (Fla. 1941) ("If the discharge of the duty requires the exercise of judgment or discretion the act is not ministerial and mandamus will not lie."). And thus, under no set of material facts nor under any application of then-existing law could the Estate establish the clear legal duty element of its mandamus claim. Indeed, the Estate conceded as much in its motion for rehearing.

Even so, the trial court denied Dr. Radtke's motion for attorney's fees, reasoning that the Estate advanced a novel argument on the clear legal right element of its claim for mandamus relief. Although we find dubious the Estate's argument that section 733.602, the Declaration of Independence, and the Florida Constitution gave the Estate the clear legal right to know the cause of White's death, the trial court's conclusion that Dr. Radtke had no clear legal duty to change the death certificate was fatal to the Estate's **claim** for mandamus relief. The trial court's finding on the novelty of one element of the Estate's claim is not enough to shield the Estate from paying attorney's fees to the prevailing party—Dr. Radtke—under section 57.105(1). *See de Vaux v. Westwood Baptist Church*, 953 So. 2d 677, 684 (Fla. 1st DCA 2007) ("Section 57.105(1) mandates a court to award fees to the prevailing party in equal amounts to be paid by the losing party and the losing party's attorney where the court finds that the losing party or the losing party's attorney knew or should have known that a claim was, among other things, not supported by the application of then-existing law to the material facts relating to the claim.").

We therefore reverse the trial court's order denying Dr. Radtke's motion for attorney's fees and remand for the trial court to award Dr. Radtke attorney's fees under section 57.105. We affirm in all other respects.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

WINOKUR and LONG, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Fred Herbert Flowers, Tallahassee, for Appellant/Cross-Appellee.

Garrett Andrew Tozier of Shutts & Bowen LLP, Tampa, and Daniel Elden Nordby of Shutts & Bowen LLP, Tallahassee, for Appellee/Cross-Appellant Dr. Jay Radtke.

No appearance for Appellee/Cross-Appellant Florida Medical Examiners Commission.